## LEWIS M. GARRETT *vs.* HENRY BEAUMONT.

The statute of limitations passed 5th of March, 1846, is not applicable to judgments rendered before its passage. *Boyd* v. *Barrenger*, 1 Cushman, 269, cited and confirmed.

There is nothing in the language of the act giving it a retrospective operation, and statutes should only have such operation when their language will admit of no other construction or meaning.

A judgment is but the application of some rule of law to ascertained facts; and where there is no rule of law applicable to the facts, or the use intended to be made of them, the court can render no judgment. *Held*, as no rule of law required B. to commence a suit in the courts of this State within three years from the recovery of his judgment in another State, and as no judgment could be rendered on the pleas, G. sustained no injury by the judgment of the court below striking them out.

In some cases, where a party has obtained a verdict, he is not entitled to judgment on it, but the court will immediately render judgment in chief, in favor of the party against whom the verdict has been found, and this is done when a plea in bar confessing a good declaration is clearly frivolous, or so destitute of substance as to constitute no legal defence.

If the court could disregard a verdict, rendered on defective pleadings, it can equally disregard the pleadings before verdict, if they would not give the party any right to recover. *Held*, that the court below committed no error in striking out the pleas.

The court is required by the statute, Hutch. Code, 854, if it shall be discovered at the trial term, that the pleadings are defective or the issues tendered and accepted are immaterial, to cause the same to be amended and perfected instanter, so as to bring the merits of the controversy fairly before the jury. *Held*, that an issue upon the pleas struck out would be immaterial, or no issue.

If the court can correct an immaterial issue, it may prevent it being found on pleas wholly destitute of substance.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The defendant in error, on the 29th of April, 1845, brought an action of debt in the circuit court of Madison county against plaintiff in error, Garrett, upon a judgment rendered in the State of Tennessee, on the 20th of March, 1840, and to the declaration Garrett filed six pleas; two of which were the statute of limitations under the act of 5th of March, 1846, barring judgments, &c., which, on motion of Beaumont's counsel were struck out by the court, from which decision the plaintiff in error prayed a writ of error.

*Lawson*, for plaintiff in error.

*A. H. Hardy*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error brought his action of debt in the circuit court of Madison county, to the May term, 1845, thereof, founded upon the record of a judgment by him obtained on the 20th of March, 1840, in the circuit court of Williamson county, and state of Tennessee, against the plaintiff in error, who appeared at the proper time and filed certain pleas to the action.

On the 8th of October, 1846, the defendant obtained leave from the court to file additional pleas, under which order he filed his 5th and 6th pleas, attempting to set up a defence under the statute of limitations of the 5th of March, 1846. Hutch. Code, p. 833.

At the succeeding term of the court, the following order was made, to wit: " Ordered, by the court that the fifth and sixth pleas filed by the defendant on the 8th of October, 1846, be struck out," to which the defendant excepted; and this order presents the only error noticed by the counsel for the plaintiff in error, and which we will examine on the present occasion. Before we can decide as to the correctness of this order, we must ascertain the merits of the pleas, which it has disposed of in this summary manner.

The fifth plea avers that the defendant was at the commencement of the suit in Tennessee a citizen of the State of

Mississippi, and that more than three years had elapsed before the commencement of this suit. The sixth plea avers that he was a citizen of this State, on the 20th of March, 1840, the date of the judgment in Tennessee, and that more than three years had elapsed before the suit was commenced.

As to the statute under which these pleas were interposed, it will be sufficient to state, that in the case of *Boyd* v. *Barrenger*, 1 Cushman, R. 269, we decided that it had no application to judgments rendered before its passage. This decision makes the statute wholly inapplicable as a defence to the present action. Indeed, the statute could not constitutionally receive any other construction, or be allowed any other operation. To allow it to operate in the present case, would be in effect conceding unlimited power to the legislature. Here the suit was commenced on the 29th of April, 1845; and on the 5th of March, 1846, nearly a year after, the statute now set up as a law, was exacted. If the legislature can give a party a defence which did not exist against a suit, at the time it was commenced, it is difficult to see why it could not in a more direct mode, and equally as consistent with justice and equity, order the plaintiff to dismiss his suit. We do not conceive, however, that any unauthorized power was exercised by the legislature in the passage of this statute. If it be true that it was intended to embrace judgments rendered in other states, before its passage, the period of the three years' limitation, in such case, must commence when the act took effect, and not when the judgment sued on was rendered. This question was not presented by the record in the case of *Boyd* v. *Barrenger*, and was consequently not decided. Neither is it decided in the present case, because it does not arise upon the record before us. This is still an open question in this court, and we deem it proper to leave it so till it shall be presented by a case in court, and argued. There is nothing in its language giving it a retrospective operation, to the extent claimed by counsel, and the general rule is, that a statute shall only have such operation, when its language will admit of no other meaning.

As to this case, however, it is immaterial which construction is correct. If we are right in our view, the statute cannot be

made a defence. If, on the other hand, the counsel for the plaintiff in error is correct, that the case comes within the provision of the law, he only proves its unconstitutionality, and thereby establishes the insufficiency of his pleadings.

But it is said that the court could not in this summary manner dispose of the pleas; that the proper course was for the plaintiff to demur if he considered them insufficient. This is true, as a general rule, in all cases where the pleas are appropriate to the action, and contain matter which by good pleading would be a valid defence to the action.

Let us, therefore, test the pleas in question by this rule. We will suppose the facts which they set forth to be well pleaded, issues to be joined on the pleas, and found by a jury in favor of the defendant; could the court in such case render a judgment that the plaintiff take nothing by his bill, or in other words in favor of the defendant? All affirmative pleas in bar confess the plaintiff's cause of action, and introduce matter to avoid it, and issue is joined alone upon the matter in avoidance, because it cannot be joined upon what is confessed, the plaintiff's cause of action. The pleas confess the cause of action, to wit, the recovery of the judgment in Tennessee, but seek to avoid it by averring that the defendant was at the commencement of the suit in Tennessee, and at the date of the judgment therein a citizen of this State, and that the present action was not commenced within three years after such recovery. Now the jury pronounced these facts true; and the court must pronounce the proper judgment. A judgment is but the application of some rule of law to ascertained facts. And hence, where there is no rule of law applicable to the facts ascertained, or the use intended to be made of them, the court can render no judgment. What rule of law required the plaintiff, on a judgment recovered in Tennessee on the 20th of March, 1840, to commence a suit in the courts of this State, within three years after such recovery, or what rule of law barred his remedy if he failed to do so? None. Then no judgment could have been rendered on the pleas in favor of the defendant if they had remained in the record. How, then, has he been injured by the judgment of the

court in striking them out? It is clear that he has sustained no injury of which he can complain.

The pleas having confessed the plaintiff's declaration containing a good cause of action and failed to allege matter sufficient in law to avoid it, constituted no obstacle to the plaintiff's taking his judgment at any time during the court. And this is the more apparent from the following rule bearing directly on this subject. "In some cases, where the party who has obtained a verdict is not entitled to judgment upon it, the court not only arrests the judgment in pursuance of the verdict; but immediately renders judgment in chief *veredicto non obstante*, that is, in favor of the party against whom the verdict has been found. This is done, for example, where a plea in bar confessing a good declaration is clearly frivolous, or so totally destitute of substance as to constitute no semblance of a legal defence." Gould on Plead. 518.

If the court could disregard a verdict found for the defendant on these pleas, it might disregard the pleas themselves before verdict. If the verdict be but an evil result, and therefore not binding on the court, it would seem to be too clear for argument, that the pleadings, which must be the basis of the verdict, may be stricken from the record at any time, when it is apparent to the court that a verdict on such pleadings "would decide nothing either way."

We are, therefore, of opinion that, as a verdict for the defendant on his pleas would not have given him any right to a judgment, the court committed no error in striking them from the record.

This power, in a case like the present, the court could exercise under the third section of the act of 1840. Hutch. Code, p. 854. Its language is this: "If it shall be discovered at the trial term that the pleadings are defective or issues tendered and accepted are immaterial, it shall be the duty of said court, and the judge holding the same is hereby required, to cause the same to be amended and perfected instanter, so that the merits of the controversy shall be fairly put to the jury," &c. It thus appears that the court is to make an issue, so that the merits of the controversy shall be fairly put to the jury. It is required to

amend and perfect an immaterial issue. An issue upon these pleas would have been either an immaterial issue or no issue at all. So far as they confessed the cause of action, they presented no issue, and the matter in avoidance could not avail the party. It was, therefore, impossible for the court to make an issue for the jury on them, because no skill in pleading, however great, could make the matter alleged a defence to the action. Again, if the court may correct an immaterial issue, it may prevent its being formed on pleas wholly destitute of substance.

Under any view of the question, we think the action of the court below was correct.

Judgment affirmed.