MURCHISON, A MINOR *v.* SYKES, et al.

No. 39587 April 4, 1955 78 So. 2d 888

*Wm. G. Burgin, Jr., H. T. Carter,* Columbus, for appellant.

757

*Roger C. Landrum,* Columbus, for appellees.

McGehee, C. J.

This is a suit to recover damages for personal injuries sustained by James Clay Murchison, a minor, who was between nine and ten years of age on May 29, 1952,

when the bicycle on which he was riding had a collision with a taxicab driven by Willie James Williams who was operating the taxicab as an employee of Evelyn Sykes in the City of Columbus, Mississippi. From a jury verdict and judgment in favor of the defendant Evelyn Sykes, and her husband James Sykes, the plaintiff appeals.

The driver of the taxicab and his passengers were proceeding in a northeasterly direction on Military Street and the plaintiff was proceeding south on 10th Street when the collision occurred at the intersection of these two streets. The proof discloses that the taxicab was on a through street and that there were stop signs at the point where 10th Street intersected the same, and where the plaintiff was supposed to stop before entering the intersection. The testimony was in conflict as to whether or not he did stop before entering the intersection.

It is undisputed that there was a brick wall about six or six and one-half feet high that would prevent the taxi driver from seeing the boy on the bicycle, coming into the intersection from 10th Street, until he was in close proximity to him. █ The jury was warranted in believing from the defendants' evidence that the taxi driver could not have seen the bicycle in time to have avoided the accident, and that he was driving the taxicab at a lawful rate of speed and in a proper and cautious manner, and that he did all he could to avoid the accident after he first saw the boy peddling his bicycle and entering the intersection.

There was testimony to the effect that the taxi driver could not see the approaching bicycle until his cab was actually out into the intersection. He stopped the taxicab within a distance of twenty-one feet after promptly applying his brakes and proceeding only seven feet beyond the point of the impact, having turned further to his right in an endeavor to avoid the collision.

It is assigned as error the granting of Instructions Nos. 4, 5, 6, 7 and 9 in favor of the defendant; also that the verdict of the jury is contrary to the overwhelming weight of the evidence.

Instruction No. 4 was to the effect that even though the plaintiff was only nine years of age he was governed by the law of the State and ordinances of the City of Columbus when he undertook to ride his bicycle on the streets, and that such laws and ordinances governing the operation of motor vehicles, and "the law governing the operation of bicycles on the streets and highways is the same." The objection made to this instruction is that a child nine years of age cannot be held to the same degree of reason and discretion as an adult, and cases are cited to the effect that a child of such tender years is not possessed of sufficient discretion as to be guilty of contributory negligence. Cochran, et al. v. Peeler, et al., 209 Miss. 394, 47 So. 2d 806; Johnson v. Howell, 213 Miss. 195, 56 So. 2d 491; McMinn, et al. v. Lilly, 215 Miss. 193, 60 So. 2d 603; Potera v. City of Brookhaven, 95 Miss. 774, 49 So. 617; Am. Jur., Vol. 5, Sec. 470, p. 767. But it will be noted that nothing is said in the instruction about contributory negligence with which courts were concerned in the above enumerated cases, and since the traffic laws of the State and the traffic ordinances of this municipality make no exception such as to exempt a child from their provisions, the instruction here complained of correctly states the law on behalf of the defendants. Defendants were not required to obtain instructions upon the plaintiff's theory of the case wherein the instruction is complained of as being incomplete.

Instruction No. 5 informed the jury that the driver of a bicycle or other vehicle should stop at the entrance to a through street and should yield the right of way to other vehicles which have entered the intersection from the through street or which are approaching so closely on such through street as to constitute an immediate hazard. In our opinion this in-

struction correctly states the law. It was a question for the determination of the jury as to whether under all of the facts and circumstances the entry of the plaintiff into the intersection from a "blind" corner when taken in connection with the position of the taxicab on the through street, was an immediate hazard. Some of the witnesses for the plaintiff agreed that he did enter the intersection from a blind corner thereof.

Instruction No. 6 told the jury that if they believed from a preponderance of the evidence in the case that Willie James Williams, the taxi driver, used all reasonable precaution to avoid an accident with the plaintiff, but that the plaintiff suddenly drove out into the front of the taxicab so as to create an emergency that rendered it impossible for Williams to avoid hitting the bicycle, "then you will find that the accident was unavoidable and will return a verdict for the defendants." It is contended by the appellant that there was no sudden emergency involved, and that even if there was that the defendants would be liable if the taxi driver created the emergency. Again we should observe that it was for the jury to determine from all of the facts and circumstances as to whether or not the action of the plaintiff created an emergency which rendered it impossible for the taxi driver to avoid the collision, and the instruction required the jury to so believe from a preponderance of the evidence. If the jury did so believe from the evidence that the action of the plaintiff created an emergency such as rendered it impossible for the taxi driver to avoid the collision, then it was the duty of the jury to find that the accident was unavoidable and to return a verdict for the defendants. If it was the theory of the plaintiff that the taxi driver had created the emergency, it was not incumbent upon the defendants to obtain instructions to present such theory on behalf of the plaintiff.

Instruction No. 7 informed the jury that if they believed that in this case "from a preponderance of the

evidence that the defendant, Willie James Williams, was operating his automobile, in a cautious and careful manner, along his proper side of Military Street in a northerly direction in the City of Columbus, keeping a proper lookout ahead for other traffic and that when he reached the intersection of Military Street and Tenth Street North in said City of Columbus that the plaintiff, James Clay Murchison, suddenly and without warning darted out into the path of the automobile being driven by the defendant Willie James Williams, and that the defendant Willie James Williams, by the exercise of reasonable care could not and did not see the said minor, James Clay Murchison, until he was so far into the intersection that it was impossible for him to stop before the collision with the plaintiff, then it is your sworn duty to return a verdict for the defendant.''

The appellant complains of this instruction on the ground that he contends that there was no testimony in the record to show that the plaintiff ''suddenly and without warning darted out into the path of the automobile,'' and that the instruction assumed this unproven fact to be true. The answer of the defendants alleges that the plaintiff ''darted out from behind a brick wall into the intersection'' and directly in front of and into defendants' automobile, at a time when it was impossible for defendants to do anything about it. While it is true that no witness made the statement that the plaintiff ''darted out from behind a brick wall into the intersection,'' such was the theory of the defense and the proof on behalf of the defendant tended to establish such as being the fact, and the jury was entitled to draw the reasonable inference from all the facts and circumstances that this is what occurred. ██ Moreover, the instruction required the jury to believe all of the things set out therein ''from a preponderance of the evidence,'' whereas under the law the jury was only required to believe it from the evidence, instead of from a preponderance thereof.

██ █ Instruction No. 9 told the jury that "a child cannot recover for injuries which it has received in a collision with a motor vehicle simply because the accident occurred and the child was injured, and a child who injures itself in an accident with a motor vehicle cannot recover from the owner of the vehicle or the driver of the vehicle simply because the accident occurred and the child injured itself, but before a child can recover for injuries it has received, the proof must show by the greater weight thereof that the owner or the driver of the vehicle was guilty of negligence proximately causing the accident and the injury."

Perhaps this instruction should not have contained the words "a child who injures itself," but we think that when this instruction is considered in connection with the several instructions obtained by the plaintiff the jury was not misled or confused thereby, since there was proof that the child did run his bicycle against the front side of the taxicab at a time when the driver had the right of way and did not see the bicycle in time to avoid the collision.

██ █ Nor do we think that we would be justified in reversing the case on the ground that the verdict is against the overwhelming weight of the evidence. We think that the jury was warranted in resolving the issue as to whether or not the collision was wholly unavoidable, on the part of the taxi driver, in favor of the defendants, even though the evidence may have been conflicting in that behalf.

The defendants are Negroes and the plaintiff is a white boy. The plaintiff was severely injured, and there is no reason to suspect that the jury would have reached its verdict in favor of the defendants on any other theory that that the jurors were endeavoring to render only such a verdict as in their opinions was justified by the evidence.

The verdict and judgment appealed from must therefore be affirmed.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.*, concur.