## PALMER *v.* GARDNER

No. 39827          December 12, 1955          83 So. 2d 800

*Cason Rankin,* Tupelo, for appellant.

*Claude F. Clayton,* Tupelo, for appellee.

McGEHEE, C. J.

This is a case wherein the appellee, William R. Gardner, doing business as Gardner Motors, sued the appellant, A. T. Palmer, to recover a deficiency judgment under a conditional sales contract of a 1946 Ford automobile. The car was nearly seven years old at the time of its sale. The defendant relied upon an express oral warranty allegedly made to him by the sales agent of the plaintiff as to the condition of the automobile at the time of the sale, and particularly to the effect that the seller would guarantee that the motor-head was not burst. However, the written contract of sale contained a recital that the purchaser "has examined, accepted in its present condition, and received delivery from the seller of the motor vehicle described above", and it further recited: "No agreement, promise, representation, statement or warranty, whether oral or written, express

or implied, shall be binding on the holder (of the contract) unless expressly contained herein''.

After meeting the first two monthly installments of the deferred time price of the automobile, the purchaser claims to have discovered the alleged defect in the motorhead and thereafter failed to pay any further installment on the purchase price. The car was repossessed and offered at private sale as authorized by the contract. The appellee obtained three bids therefor from other automobile dealers, and then allowed credit to the appellant on the balance due of approximately twice the amount of either of the three bids, and thereafter sued to obtain the deficiency judgment.

■■■ ■ No *competent* evidence was offered to sustain a defense to the suit. But the court refused to direct a verdict in favor of the plaintiff, and the jury rendered a verdict in favor of the defendant. Thereafter, on motion of the plaintiff for a judgment notwithstanding the verdict, the court entered a judgment in favor of the plaintiff for the balance shown to be due on the automobile in question, and which action of the court we think was correct.

The appellant contends, however, that we have no statute in this state which authorizes the rendition of a judgment notwithstanding the verdict, and that therefore the action of the trial court constitutes reversible error. We think that where a trial court should give a directed verdict in favor of the plaintiff, the subsequent sustaining of a motion for a judgment notwithstanding the verdict amounts to nothing more than a correction of the court's error in refusing a requested peremptory instruction. The judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie*, JJ., Concur.