JONES et al. *v.* DEES

No. 41905 June 12, 1961 131 So. 2d 436

*W. R. Patterson,* Jackson; *Willard L. McIlwain,* Greenville, for appellants.

*Farish, Keady & Campbell,* Greenville, for appellee.

KYLE, J.

The appellants, Benjamin Alfred Jones, Sr., and Lora C. Jones, the father and mother, and Benjamin Alfred Jones, Jr., Barbara E. Jones, Betty M. Jones and Beverly Ann Jones, minors, brothers and sisters, as plaintiffs, brought this action in the Circuit Court of Washington County against the appellee, Anse Dees, defendant in the court below, to recover damages for the wrongful death of Brannon Jones, a 9-year old child, as a result of the alleged negligent operation by the appellee of his 1959 Plymouth Sedan automobile which struck and killed the said Brannon Jones while he was crossing U. S. Highway No. 49 in the City of Magee on August 9, 1959. The case was tried before a jury in the Circuit Court of Washington County at the June 1960 term of the court, and the jury returned a verdict in favor of the defendant. Judgment was entered thereon, and from that judgment the plaintiffs have prosecuted this appeal.

The record shows that the appellee, Anse Dees, was a resident of Washington County at the time the accident occurred, and was engaged in the insurance business in the City of Greenville. The appellant Benjamin Alfred Jones, Sr., and all the other appellants, except Lora C. Jones, the mother of the deceased, were residents of Columbia, Mississippi. The appellant Lora C. Jones was a resident of Jackson, Hinds County, Mississippi. The accident occurred on Sunday afternoon, at approximately 1:45 P.M. The appellee and his wife and three children had left Gulfport in their Plymouth automobile about 11 o'clock A.M. and were driving northwardly on U. S. Highway No. 49 through the City of Magee, when the accident occurred at a point on the highway opposite Stewart's Grocery Store in the northern part of the city, as Brannon Jones attempted to cross over the highway from the east side of his grandfather's home which was located on the west side of the highway.

The plaintiffs in their declaration alleged that the deceased Brannon Jones had crossed over the highway from his grandfather's home to Stewart's Grocery Store, and had purchased an icecream cone; that, as he approached two mailboxes which were located approximately 12 feet from the edge of the concrete portion of the highway, he stopped and waited for an army convoy traveling in a southerly direction to clear the highway before he attempted to cross the highway; and that, as the said Brannon Jones attempted to cross the highway after the convoy had passed, the defendant Anse Dees, who was driving a Plymouth automobile and was traveling northwardly on said highway at a high rate of speed, ran into the said Brannon Jones. The plaintiffs further alleged that the impact of the car against the body of Brannon Jones was of such great force that it threw the child into the air and knocked him approximately 45 feet in a northerly direction along the highway, thus causing a multiple of severe injuries from the effects of which the child died about an hour later. The plaintiffs alleged that the defendant was negligent in driving said automobile at an excessive rate of speed, in failing to have his car under proper control and in failing to observe the child on the highway in time to avoid striking him.

The appellants' attorneys have assigned and argued four points as grounds for reversal of the judgment of the lower court: (1) That the court erred in refusing to grant the peremptory instruction requested by the appellants directing the jury to return a verdict for the appellants; (2) that the verdict of the jury was against the overwhelming weight of the evidence, and the court erred in overruling the appellants' motion for a new trial; (3) that the court erred in granting appellee's Instruction No. 4; and (4) that the court erred in sustaining the appellee's objection to certain testimony offered on behalf of the appellants, and in overruling the

appellants' objection to certain parts of the testimony offered on behalf of the appellee.

We think there was no error in the refusal of the trial judge to grant the peremptory instruction requested by the appellants at the close of all the evidence.

 █ The evidence in this case was conflicting, and the rule is well settled that, where the issue as to the defendant's negligence depends upon conflicting evidence, or upon inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men, the issue of defendant's negligence should be submitted to the jury.

The record in this case shows that there was a sharp conflict in the testimony of the witnesses as to the exact point at which Brannon Jones entered the north bound travel lane of the highway. There was a sharp conflict in the testimony as to the rate of speed at which the Plymouth car was traveling as it approached the point opposite the mailboxes in front of Stewart's Grocery Store. Different inferences may be drawn from the testimony of the witnesses as to whether the driver of the Plymouth car maintained a proper lookout for other persons using the highway as he drove northwardly toward the city limits. The appellants' witnesses testified that Brannon was seen standing immediately south of the two mailboxes and approximately 12 feet from the edge of the highway pavement just before the accident occurred. The appellee testified that the boy ran into the path of the approaching car from a point immediately north of the two mailboxes. The appellee stated: "The first thing that I knew, I saw a young boy coming from the right side of the road, running and looking up the highway, apparently at the oncoming convoy where there was a break in it. * * * Running just about as fast as he could go, I would judge. * * * His head was turned looking north, looking up the highway toward Jackson. * * * He was north of the mailboxes, running toward the con-

crete portion, toward the west.'' The appellee stated that, when he first saw the boy, he was 3 or 4 feet out from and north of the mailboxes and was running toward the highway and was only 5 to 7 feet from the pavement. The appellee stated that he applied his brakes immediately and turned to the left, and that his car was at a 45-degree angle across the highway at the time of the impact; that the child was two or three feet over on the highway when he was hit; and that the body rolled off to the edge of the road on the graveled shoulder.

Two of the appellants' witnesses testified that immediately before the accident the Plymouth automobile was traveling at a rate of speed of approximately 50 miles per hour. The appellee stated that he was driving at a rate of speed of 35 or 40 miles per hour. Mrs. Frances Barr, a witness for the appellee, who was seated in a car which was parked near the edge of the highway a short distance north of the point of the impact, stated that the child was struck north of a mailbox; and that, according to her best judgment, the Dees car was traveling at a rate of speed ''not over 30 miles an hour.'' On cross-examination Mrs. Barr said, ''That car was not going fast.'' E. L. Stewart, one of the appellants' witnesses, testified that a few minutes after the accident the appellee came into his grocery store, and that he heard the appellee say, in answer to a question asked by a by-stander as to whether he saw the little boy, ''Yes, I saw him, and I thought he would stop at the edge of the highway, but he didn't.'' The appellee denied that he had made such statement. Brannon's father testified that the boy weighed 92 pounds, and that his height was about 54 inches. Several photographs were offered in evidence which showed the physical features of the highway in front of Stewart's Grocery Store and the location of the two mailboxes referred to in the testimony of the witnesses. The photographer testified that the distance from the mailboxes to the edge of the pave-

ment was 12 feet; that the south mailbox was four feet high; and that the north mailbox was four feet and five inches high.

■■■ It can be readily seen that the conflicting testimony of the witnesses presented an issue of fact for the determination of the jury. Whether Dees was negligent in driving his automobile at an excessive rate of speed, or in failing to keep a proper lookout for other persons using the highway, or in failing to observe the child on the highway in time to avoid striking him, or in failing to exercise reasonable care in his effort to avoid striking the child after the child came under his observation; and whether Dees' negligence, if any, was the proximate cause of the child's injury and death, were questions for the jury to decide; and we think there was no error in the court's refusal to grant the peremptory instruction requested by the appellants. ■■■ We also think that it cannot be said that the verdict of the jury was against the overwhelming weight of the evidence. The jury had a right to believe the testimony of the appellee and the appellee's other witnesses, including the testimony of Mrs. Frances Barr. No issue of contributory negligence on the part of the child was submitted to the jury. On the contrary, the jury was instructed on behalf of the appellants that a child only nine years of age was not presumed to be guilty of contributory negligence.

We think there was no error in the action of the trial judge in granting the appellee's Instruction No. 4. The instruction merely presented the appellee's theory of the case as shown by the testimony of the appellee and the appellee's witnesses. The instruction contains no reference to contributory negligence on the part of the child. Neither does it undertake to state the rule as to sudden emergency. That rule is correctly stated in the appellee's Instruction No. 3.

We find no merit in the appellants' fourth assignment of error.

The judgment of the lower court is therefore affirmed.
Affirmed.

*Lee, P.J.,* and *Ethridge, Gillespie* and *Jones, JJ.,*
concur.