AGREGAARD, et al. *v.* DUNCAN

No. 43431 March 22, 1965 173 So. 2d 416

*John M. Sekul*, Biloxi; *Forrest B. Jackson*, Jackson, for appellant.

*Eaton, Cottrell, Galloway & Lang, Rae Bryant,* Gulfport, for appellee.

ETHRIDGE, J.

Appellants, Byron Agregaard and others, brought this action in the Circuit Court of Harrison County against Dr. R. J. Duncan for the alleged wrongful death of their 6½-year-old son and brother, Gary Agregaard. Although expressing considerable doubt as to whether plaintiffs' evidence made a jury issue on negligence by Duncan, the circuit court submitted the case to the jury. After verdict and judgment for plaintiffs, the trial court sustained defendant's motion for a judgment for him notwithstanding the verdict. We hold that plaintiffs offered no evidence which would warrant a finding of negligence, and affirm the judgment of the circuit court.

 █ A judgment notwithstanding the verdict has the same effect as a directed verdict, and the same rules as to the scope of appellate review apply: The subsequent sustaining of a motion notwithstanding the verdict amounts to nothing more than a correction of the court's error in refusing a requested peremptory instruction. █ The evidence must be treated as proving every fact favorable to the plaintiffs' case which is shown either directly or by reasonable inference. Hawkins v. Hillman, 245 Miss. 385, 149 So. 2d 17 (1963); Grice v. Cent. Elec. Power Assn., 230 Miss. 437, 92 So. 2d 837 (1957), *suggestion of error overruled in part and sustained in part,* 230 Miss. 456, 96 So. 2d 909 (1957); Palmer v. Gardner, 226 Miss. 123, 83 So. 2d 800 (1955); Gulf, M. & O.R.R. v. Joiner, 201 Miss. 442, 29 So. 2d 255 (1947); Garrett v. Beaumont, 24 Miss. 377 (1852). Under this standard, appellants offer no evidence which established either directly or by reasonable inference any negligence on the part of Duncan constituting a proximate cause of the child's death.

Duncan was traveling south in his station wagon on Cowan Road in Harrison County, at a speed of approximately 25 miles per hour. This was not in a municipality, and he was well within the speed limits. There were a small food store, post office, and a few other shops located on the west side of the road, to the right. Only a few feet west of the edge of the road, on the right, was a woven wire fence, running north and south, and then turning to the west, at the north edge of a gravel, privately owned drive going into the grocery and other stores. This fence was grown up with bushes, weeds and vines which obstructed the view to the west of anyone traveling south. The undergrowth was higher than the child's head as he rode his bicycle, leaving the store and traveling near the fence headed toward Cowan Road.

As Duncan approached the corner where the wire fence was situated, Gary rode his bicycle from behind

this fence, covered with bushes, weeds and vines, directly into the path of his car. Defendant was only 8 to 12 feet away from the boy as he first saw or could have seen him coming into the road. He observed the child as soon as he came from behind the fence, but this was so close that he did not have time to put on his brakes before the collision, or to turn to the left. Duncan applied his brakes at the instant he hit the bicycle, left no skid marks, and stopped his car at a distance of between 1/2 to 2 car lengths. It was approximately 18 feet in length. The impact was at about the middle of the bumper. The child was thrown about 10 feet in the air to the left. The evidence is undisputed in the foregoing respects.

Appellants contend that the evidence was sufficient to go to the jury on the issues of an excessive rate of speed, failure to keep a lookout, and failure to keep the car under control. They argue that there was a public school five blocks to the east, and a parochial school one block to the east. (This was summertime, and the schools were not in session.) They say that Duncan knew or should have known that children reasonably could be expected to be in the vicinity, and he was under a duty to use reasonable care for their safety. However, there is no evidence exceeding a scintilla which would support a finding of negligence. The undisputed evidence shows that Duncan was driving at a reasonable rate of speed under the circumstances. There was no failure to keep a proper lookout or retain control of the vehicle. Defendant saw the child as soon as he came around the fence, in close proximity. He did everything he could under the circumstances to stop his car. ▮▮ The child could not be guilty of contributory negligence, ▮▮ but plaintiffs had the burden of proving that defendant was negligent in some respect which was a proximate cause of the collision.

Here the facts are not in dispute, and only one reasonable inference can be drawn, namely, that appellee

acted reasonably and was guilty of no negligence. Murchison v. Sykes, 223 Miss. 754, 78 So. 2d 888 (1955), affirmed a jury verdict for defendant, where a 9-year-old boy suddenly drove from behind a brick wall over 6 feet high and was hit by a taxi. However, there were questions of fact as to negligence of the driver. There are none here. *Cf.* Swan v. Campbell (Miss.), 173 So. 2d 416; Jones v. Dees, 241 Miss. 540, 131 So. 2d 436 (1961); Hawkins v. Rye, 233 Miss. 132, 101 So. 2d 516, 77 A.L.R. 2d 663 (1958); Moak v. Black, 230 Miss. 337, 92 So. 2d 845 (1957); Morris v. Boleware, 228 Miss. 139, 87 So. 2d 246 (1956); McMinn v. Lilly, 215 Miss. 193, 60 So. 2d 603 (1952); see 8 Am. Jur. 2d *Automobiles and Highway Traffic* §§ 549 *et seq.* (1963).

Affirmed.

*Kyle, P. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.