190 So.2d 451 (1966)
Mrs. Mary Woods FLOYD
v.
W.J. LUSK.
No. 44058.
Supreme Court of Mississippi.
September 27, 1966.
*452 Fred Witty, Greenwood, for appellant.
Clark, Townsend & Davis, Indianola, for appellee.
RODGERS, Justice.
This case came to this Court from a final judgment of the Circuit Court of Sunflower County, Mississippi. The trial judge sustained a motion to enter a judgment for defendant notwithstanding the verdict in favor of the plaintiff, Mrs. Mary Woods Floyd. The plaintiff appealed and complains that the trial court erred in sustaining the motion of the defendant W.J. Lusk because (1) the defendant had a duty to keep the premises leased to Mrs. Sawyer in a reasonably safe condition; (2) the defendant requested and was granted an instruction submitting to the jury this theory of the case; and (3) the motion for a judgment notwithstanding the verdict was made after the judgment in favor of the plaintiff had been entered, and was therefore filed too late.
The record shows that the plaintiff was injured when she stepped and fell on the defective steps of the store building owned by W.J. Lusk and his daughter. The store building was leased to one Wiley H. Sawyer, and the store was being operated by his wife, Mrs. Ruby Sawyer, at the time of the accident. Plaintiff dismissed her suit against Mrs. Ruby Sawyer, and the jury returned a verdict for the plaintiff in the sum of $2,000.
We are of the opinion that the trial court acted properly in sustaining the motion for a judgment notwithstanding the verdict and the final judgment of the circuit court should be sustained.
When the evidence had been concluded, the defendant submitted an instruction requesting the trial court to instruct the jury to find in favor of the defendant W.J. Lusk. This instruction was refused. It should have been sustained for the following reasons: At common law, in the absence of an agreement between the parties, the landlord is under no obligation to his tenant to keep the demise premises in repair. Ford v. Pythian Bondholders Protective Committee, 223 Miss. 630, 78 So.2d 743 (1955); Rich v. Swalm, 161 Miss. 505, 137 So. 325 (1931). The defendant is therefore not liable in the case at bar for injuries to a third person during the tenancy for defects in the premises, in the absence of evidence that the landlord had created a nuisance calculated to cause damage or injury, or is guilty of willful wrong, or culpable negligence, or concealment or fraud as to some defect on the premises. There are many cases on this point which have been collated in 110 A.L.R. 756 (1937); 32 Am. Jur. Landlord and Tenant, § 665 (1941); Bailey v. Kelly, 86 Kan. 911, 22 P. 1027, 39 L.R.A.,N.S., 378 (1912).
*453 Despite the fact that there is respectable authority to the contrary (Annot. 123 A.L.R. b. 873  1939), our Court has aligned itself with the majority rule holding that a landlord is not ordinarily liable for injuries to a third party because of defects in demised premises. Ford v. Pythian Bondholders Protective Committee, supra.
The appellant, while contending that the landlord is liable for the injury, also points out that the defendant obtained an instruction advising the jury that if "you find that the plaintiff was merely visiting the Sawyers, then the owner of the land owed her no duty except to refrain from wilful or wanton injury." Thus appellant argues that the defendant has no right to complain about plaintiff's theory of landowner's legal liability, because the defendant obtained this instruction advising the jury that the defendant was not liable if the jury believed that the plaintiff was merely visiting the Sawyers (tenants). This instruction was perhaps misleading, but since the defendant was entitled to a directed verdict in his favor, this instruction could not cure this error, and the mere fact that the defendant requested other instructions did not serve as a waiver.
The plaintiff-appellant contends that since the original judgment in favor of the plaintiff had been entered by the trial court at the time the motion to correct the judgment was filed by defendant, the trial court should have overruled the motion upon the ground that it was filed after the judgment was entered.
At common law, there were two instances in which the verdict of the jury could be disregarded so as to dispose of the case without a new trial (1) Where the defendant's plea confessed the plaintiff's cause of action, but set up matter in avoidance, which, even if true, was insufficient in law to constitute a legal defense; and (2) Where the plaintiff's pleading, if admitted, disclosed no right of recovery. In the first instance a motion for a judgment notwithstanding the verdict was proper, and later a motion to arrest judgment on the verdict was proper procedure. Thus, under the common law, where the evidence failed to establish a right in the plaintiff to recover, but the trial court erred in failing to grant a directed verdict for defendant, this error could be corrected only by ordering a new trial.
It is true at common law that it was generally held that a motion for a judgment notwithstanding the verdict was required to be filed after the verdict was returned by the jury and before the judgment was entered by the court. Annot. 69 A.L.R.2d 462 (1960); 30A Am.Jur. § 296 (1940); Annot. 95 A.L.R. 429 (1935). The Supreme Court of Mississippi has followed this rule. State v. Commercial Bank, 6 Smedes & M. 218 (14 Miss. 1846). Other states have followed this Court in the following cases: People v. Dashaway Ass'n, 84 Cal. 114, 24 P. 277, 278, 12 L.R.A. 117 (1890); Zilka v. Graham, 26 Idaho 163, 141 P. 639, 641 (1914); Smith v. Wallace Nat'l Bank, 27 Idaho 441, 150 P. 21, 24 (1915); Haynes v. Lincoln Trust Co., 141 Me. 100, 39 A.2d 657, 661 (1944); Wagner v. Northern Life Ins. Co., 75 Wash. 106, 134 P. 685, 686 (1913). Cf. Wiggs Bros. v. Ringemann, 155 Ala. 189, 45 So. 153 (1907). The rule, however, is subject to the exception that although the granting of a motion for a judgment notwithstanding the verdict after the entry of the judgment is technically erroneous, this does not constitute grounds for reversal where a correct result was reached by the final judgment of the court. Boyle Gin Co. v. W.F. Moody & Co., 188 Miss. 44, 193 So. 917 (1940).
In the case now before us, the trial court should have sustained the motion of the defendant requesting a directed verdict. The final order of the circuit court sustaining the motion for a judgment notwithstanding the verdict is nothing more than a correction of the court's error in refusing the requested peremptory instruction. Boyle Gin Co. v. W.F. Moody & Co., *454 supra; Palmer v. Gardner, 226 Miss. 123, 83 So.2d 800 (1955).
The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.