352 So.2d 798 (1977)
J.V. RICKS, Jr., John P. Ricks and Mrs. J.V. Ricks, d/b/a Ricks' Motor Service Company
v.
BANK OF DIXIE.
No. 49689.
Supreme Court of Mississippi.
November 23, 1977.
*799 Brewer, Deaton & Evans, Norman C. Brewer, Jr., Gray Evans, Greenwood, for appellants.
Odom, Odom & McCain, Talbot O. McCain, Greenwood, for appellee.
Before PATTERSON, ROBERTSON and SUGG, JJ.
SUGG, Justice, for the Court:
The Bank of Dixie, a Louisiana Corporation, as plaintiff, sued J.V. Ricks and others for collection of a promissory note in the Circuit Court of Leflore County. The court granted a peremptory instruction for plaintiff and the only issue argued on appeal is that the trial judge erred by granting a peremptory instruction for plaintiff.
A decision of the issue requires determination of this threshold question, did J.V. Ricks, Jr. sign the note on behalf of the defendants because of misrepresentation which induced him to sign the note with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms?
Plaintiff filed suit for recovery on a promissory note payable to the order of Dixie Machine Works and plaintiff which was endorsed to plaintiff by Dixie Machine Works. Defendants asserted as affirmative defenses the following:
1. The signature on the note sued on by plaintiff is the signature of J.V. Ricks, Jr., but defendants will offer proof to show as an affirmative defense that the signature of J.V. Ricks, Jr., was obtained by fraud on the part of Dixie Machine Works and Bank of Dixie; that said paper was not signed by J.V. Ricks, Jr., as a note, but was signed upon representation of Dixie Machine Works and Bank of Dixie that it was an order for additional materials and equipment which was sold on open account.
2. That the signature of J.V. Ricks, Jr., on the note sued on was obtained by Dixie Machine Works and Bank of Dixie by conspiracy between Dixie Machine Works and Bank of Dixie, in that Dixie Machine Works and Bank of Dixie conspired to obtain the signature of J.V. Ricks, Jr., to an instrument that was not intended to be a promissory note, and in a conspiracy to defraud defendants by asserting said instrument as a promissory note when they knew full well that the instrument was not, and was not intended to be, a promissory note.
3. That Bank of Dixie is not a holder in due course of said note; that they did not purchase said note in good faith for value and without any notice of any infirmity in the instrument; that Bank of Dixie was an original payee in the note as is fully shown by Exhibit "A" attached to the declaration herein and is fully subject to and had full knowledge of all defenses existing between the parties hereto; that under no circumstances can Bank of Dixie be considered a bona fide holder for value without notice; that Bank of Dixie had full notice of the defenses of Ricks' Motor Service and was not a holder in good faith.
Plaintiff filed an answer specifically denying every allegation of the defendants in their affirmative defenses. Defendants' first affirmative defense would relieve them from liability on the note, if supported by a preponderance of the evidence, under section 75-3-305 Mississippi Code Annotated (1972) which follows:
To the extent that a holder is a holder in due course he takes the instrument free from
(1) all claims to it on the part of any person; and
(2) all defenses of any party to the instrument with whom the holder has not dealt except
(a) infancy, to the extent that it is a defense to a simple contract; and

*800 (b) such other incapacity, or duress, or illegality of the transaction as renders the obligation of the party a nullity; and
(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and
(d) discharge in insolvency proceedings; and
(e) any other discharge of which the holder has notice when he takes the instrument.
The first affirmative defense was based on subsection (2) part (c) which permits defenses to be asserted against a holder in due course which were not available under the Uniform Negotiable Instruments Act.[1] It allows the maker of an instrument to assert as a defense, "[S]uch misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms."
The defense authorized by section 75-3-305(2)(c) is a limited defense and may be asserted against a holder in due course only if a party was induced to sign an instrument because of misrepresentation coupled with the fact that the party signing the instrument had neither, (1) knowledge of its character or its essential terms, nor (2) reasonable opportunity to obtain knowledge of its character or essential terms. The comment pertaining to this defense found in Anderson's Uniform Commercial Code, section 3-305:(1) p. 598 (1961) states:
7. Paragraph (c) of subsection (2) is new. It follows the great majority of the decisions under the original Act in recognizing the defense of `real' or `essential' fraud, sometimes called fraud in the essence or fraud in the factum, as effective against a holder in due course. The common illustration is that of the maker who is tricked into signing a note in the belief that it is merely a receipt or some other document. The theory of the defense is that his signature on the instrument is ineffective because he did not intend to sign such an instrument at all. Under this provision the defense extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms.
The test of the defense here stated is that of excusable ignorance of the contents of the writing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In determining what is a reasonable opportunity all relevant factors are to be taken into account, including the age and sex of the party, his intelligence, education and business experience; his ability to read or to understand English; the representations made to him and his reason to rely on them or to have confidence in the person making them; the presence or absence of any third person who might read or explain the instrument to him, or any other possibility of obtaining independent information; and the apparent necessity, or lack of it, for acting without delay.
Unless the misrepresentation meets this test, the defense is cut off by a holder in due course.
In our opinion the above comment correctly states the factors to be considered by a trial court when it is called on to determine if a defendant is to be released from liability for signing an instrument. In order to determine if the defense in this case meets the above test, we must consider the evidence which was before the trial court.
The evidence shows without conflict that J.V. Ricks, Jr. signed a promissory note on October 7, 1974 payable to the order of Dixie Machine Works and plaintiff on behalf of all the defendants. The original note was introduced in evidence and is a *801 negotiable instrument under the requirements of section 75-3-104 Mississippi Code Annotated (1972). Plaintiff purchased the note from Dixie Machine Works for a valuable consideration on October 21, 1974 and the note was negotiated on that date in accord with section 75-3-202 Mississippi Code Annotated (1972). Plaintiff met the requirements of section 75-3-202 and became a holder in due course.
The only witness offered by defendants was J.V. Ricks, Jr., who testified that, on the date the note was executed, he signed numerous purchase orders and he thought the note was a verification of terms. He signed all documents presented to him on that day without reading any of them. The witness has a college education and is a businessman with many years of experience. J.V. Ricks, Jr. did not use ordinary care when he signed the note without reading it and putting it into circulation; he was not prevented from reading the note; therefore, defendants' claim of misrepresentation has no legal substance. His testimony fails to establish that he was induced to sign the note, "[W]ith neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms."
Defendants did not offer any evidence in support of their second affirmative defense that the signature of J.V. Ricks, Jr. on the note was obtained as a result of a conspiracy between Dixie Machine Works and plaintiff.
Neither did the defendants offer any evidence in support of their third affirmative defense that the plaintiff did not purchase the note for value in good faith without any notice of any infirmity of the instrument. The fact that plaintiff was named as original payee along with Dixie Machine Works in the note does not destroy its status as a holder in due course. Section 75-3-302(2) Mississippi Code Annotated (1972).
Defendants argue that the case should have been submitted to a jury and that the trial court erred when it granted a peremptory instruction for the plaintiff. They rely on a line of Mississippi cases which indicate that the trial court, when determining whether a peremptory instruction should be granted, should look solely to the evidence on behalf of the party against whom the directed verdict is requested. The correct rule for governing the granting or refusal of a peremptory instruction is stated in Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975). Paymaster clears up some of the confusion which has apparently existed with reference to the evidence a trial court may consider when a peremptory instruction is requested, collates the holdings of earlier cases, and states a definite and clear rule. When a peremptory instruction is requested, the evidence of both parties, which is not in conflict, may be considered to determine whether a peremptory instruction should be granted. In Paymaster we stated:
The motions, which preclude a new trial if sustained, of course arise at different stages of a case: the motion for a directed verdict at the conclusion of the plaintiff's evidence, a request for a peremptory instruction at the conclusion of the plaintiff's and defendant's case and a motion for a judgment n.o.v. upon the jury's verdict, but prior to judgment. These motions necessarily contemplate a consideration of different evidence and inferences arising during the course of trial. A motion for a directed verdict encompasses testimony of the plaintiff and its favorable inferences, whereas, the evidence considered on a request for a peremptory instruction or a judgment n.o.v. embraces the testimony on behalf of the plaintiff as well as that of the defendant, there being no difference between that considered for a peremptory instruction and a judgment n.o.v. since the latter is entertained only to correct the court's error in refusing a requested peremptory instruction. Floyd v. Lusk, 190 So.2d 451 (Miss. 1966); and Palmer v. Gardner, 226 Miss. 123, 83 So.2d 800 (1955).
An incongruity, however, arises from our decisions since we have held the test for a directed verdict is the same as that *802 for a peremptory instruction or a judgment n.o.v. This has been compounded by our language indicating that the consideration of a peremptory instruction or judgment n.o.v. is restricted to the `sole' evidence of the plaintiff when in fact there is other evidence. This is illustrated, we think, by the posture of this case. If we look solely to the evidence of the plaintiff, a written confirmatory contract of purchase, a breach of its terms and resultant damages, the defendant is not entitled to a directed verdict.
On the other hand, if not so restricted and permitted to consider the uncontradicted testimony of the defendant in conjunction with the written confirmatory contract introduced by the plaintiff, the entire contract emerges with a different legal result, entitling the defendant to a peremptory instruction. In General Tire & Rubber Co. v. Darnell, 221 So.2d 104 (Miss. 1969), we applied, in considering a judgment n.o.v., the following:
The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed. 221 So.2d at 105.
The quotation above, we believe, expresses the better rule for a peremptory instruction or a judgment n.o.v. since it permits the court to examine the evidence of both parties that is not in conflict, as here, in order to reach a legal conclusion; or stated differently, the jury resolves conflicts of fact  the court resolves issues of law arising from nonconflicting facts. (319 So.2d at 656, 657).
In this case the trial court had before it testimony which was not in conflict on the issues to be resolved. It properly considered the evidence, not in conflict, of both plaintiff and defendants in arriving at its decision to grant the peremptory instruction, and correctly decided the issues of law from nonconflicting facts.
In sum, the defendants executed a promissory note through their partner, the partner was an educated businessman who signed the note without reading it, the note was negotiated to plaintiff for a valuable consideration, plaintiff became a holder in due course, and defendants did not establish their affirmative defenses. The trial court correctly granted the peremptory instruction for the plaintiff.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] The Uniform Negotiable Instruments Act, being sections 42 to 237, inclusive, Mississippi Code Annotated (1942), recompiled, as amended, was repealed by Chapter 316 § 10-102, Mississippi General Laws of 1966 [now section 75-10-102 Mississippi Code Annotated (1972)]. The repeal was effective March 31, 1968, the same day the Uniform Commercial Code took effect.