SULLIVAN, Justice, for the Court:
The Circuit Court of Pike County entered a judgment for the appellee in an action by the appellant on a complaint of negligence arising out of an accident wherein Ronell Butler, a six-year old child, while riding a bicycle, collided with Junious R. Norton (Norton), who was driving a delivery truck owned by Lott Furniture Company (Lott). The collision resulted in the death of Ro-nell.
From a verdict and judgment rendered in favor of Norton and Lott, Charlie Butler, the Administrator of the Estate of Ronell, appeals, assigning as error:
1. That the lower court erred in refusing to grant appellant’s requested peremptory instruction; and
2. That the lower court erred in granting instruction D-9, because said instruction was a sudden emergency instruction.
*1135 The fatal collision occurred on the Mississippi-Louisiana state line road near Osyka, Mississippi. Norton, an. employee of Lott for the past twenty-six years, has been running this particular route every Tuesday for the past twenty-two years.
On August 27, 1979, the date of the accident, Norton was traveling west on State Line Road at a speed of 35 to 40 miles per hour. Ronell was out riding bicycles with his cousin, Derrick, on a gravel road that intersects with State Line Road.
The record reflects that upon approaching this intersection one would have to be 10 to 15 feet from the gravel road before being able to see up the road, because of the growth, such as bushes, weeds and trees, on the north side of State Line Road.
When Norton was almost to the intersection, Ronell darted out into State Line Road on his bicycle, and was struck by the vehicle. Norton testified that he saw Ronell only a split second before the collision, and had no chance to blow the horn, apply his brakes, nor veer to the left so as to avoid the child.
From a jury verdict absolving Norton and Lott of negligence, Butler perfected this appeal.
I.
WHETHER THE LOWER COURT ERRED WHEN REFUSING TO GRANT APPELLANT’S PEREMPTORY INSTRUCTION
Butler contends that a peremptory instruction on liability should have been granted since the evidence showed that Norton was at least guilty of some negligence which proximately caused the collision and subsequent death of Ronell.
The law dealing with peremptory instructions is set out in Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss.1984). There, the Court stated,
The rule is well established that when considering a request for peremptory instruction “ ‘all evidence with reasonable inferences flowing therefrom must be accepted as true in favor of the party against whom the peremptory instruction is requested, all evidence in conflict therewith is disregarded, and, if such evidence is sufficient to support a verdict for the party against whom the peremptory instruction is requested, then it should be denied.’ ” Wiley v. Keen, 404 So.2d 1025, 1026 (Miss.1981).
450 So.2d at 419; see also, Johnson v. State, 476 So.2d 1195, 1201 (Miss.1985), and cases cited therein.
Taking all of the evidence with the reasonable inferences flowing from that evidence and accepting this as true in favor of Norton and Lott, while disregarding all other conflicting evidence, it is clear that this evidence is sufficient to support a verdict in favor of Norton and Lott. Accordingly, this assignment of error lacks merit.
II.
WHETHER THE LOWER COURT ERRED IN GRANTING INSTRUCTION D-9 BECAUSE SAID INSTRUCTION WAS A SUDDEN EMERGENCY INSTRUCTION
This Court, in the case of Knapp v. Stanford, 392 So.2d 196 (Miss.1980), abolished the so-called sudden emergency instruction. The pertinent part of the instruction in Knapp read as follows:
The court instructs the jury that under the law when a person is confronted with a sudden emergency not of his own making and is by reason thereof placed in a position of peril to himself without sufficient time in which to determine with certainty the best thing to do, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances, _ (emphasis added).
392 So.2d at 197.
This Court, in reflecting on this instruction, stated:
The hazard of relying on the doctrine of “sudden emergency” is the tendency to elevate its principles above what is required to be proven in a negligence ac *1136 tion. Even the wording of a well-drawn instruction intimates that ordinary rules of negligence do not apply to the circumstances constituting the claimed “sudden emergency.”
392 So.2d at 198.
The Court went on to state, “The test is whether the actor being charged with negligence in any circumstance acted as a reasonable and prudent person would have acted under the same or similar circumstances.” 392 So.2d at 199.
Thus, the question to be decided is whether instruction D-9 conforms to the test espoused in Knapp v. Stanford, supra, and at the same time does not tend to elevate what is required to be proven in a negligence action. Instruction D-9 reads as follows:
The Court instructs the jury that if you believe from the evidence in this case that defendant, Junious R. Norton, was driving his vehicle at a reasonable rate of speed, had same under reasonable control, and was maintaining a reasonable lookout, that the deceased child, Ronell Butler, Jr., rode his bicycle into the highway from the side road, that defendant, Junious R. Norton, did not see, and in the exercise of reasonable care could not have seen, the child until his vehicle was so close to the child that he could not by the exercise of reasonable care avoid striking the child, and that said defendant did exercise reasonable care to avoid striking the child, then you must find your verdict for the defendants even though the vehicle did strike and cause the death of the child.
As can be seen, Instruction D-9 is couched in terms of whether Norton acted as a reasonable person would have acted under the same circumstances. This is the test and, as such, instruction D-9 is proper.
Furthermore, the case of Agregaard v. Duncan, 252 Miss. 454, 173 So.2d 416 (1965), is factually similar to the case at bar. In Agregaard, a motorist struck and killed a child who rode his bicycle from behind a fence covered with bushes, weeds, and vines, directly into the path of an oncoming vehicle. The trial court sustained the defendant’s motion for a judgment notwithstanding the verdict, and this Court affirmed, finding that “only one reasonable inference can be drawn, namely, that appel-lee acted reasonably and was guilty of no negligence.” 252 Miss, at 458-59, 173 So.2d at 418.
It should be noted, however, that Agregaard v. Duncan, supra, although not discussing any questions dealing with jury instructions, was decided before the sudden emergency instruction was abolished. We cite Agregaard simply for the similar factual situation.
This assignment of error is without merit, and accordingly we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ„ concur.