502 So.2d 677 (1987)
Jeffrey COLLINS
v.
R.F. RINGWALD & Russell M. Godard.
No. 56008.
Supreme Court of Mississippi.
February 11, 1987.
Robert O. Homes, Jr., Gulfport, for appellant.
Leslie Scott Sheffield, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellees.
Before WALKER, C.J., and DAN M. LEE and SULLIVAN, JJ.
WALKER, Chief Justice, for the Court:
This cause was initiated upon the filing of a declaration by the plaintiff, Jeffrey Collins, against the defendant, R.F. Ringwald, seeking judgment in the amount of $173,000.00 for personal injuries sustained in an automobile collision on March 27, 1976. By way of amended declaration Collins, naming Russell M. Godard as an additional defendant, sought judgment in the amount of $340,000.00 from both defendants. The case went to trial before a jury in July of 1983. During trial settlement was entered into between the plaintiff and defendant Ringwald who was then dismissed from the suit. After testimony for the plaintiff was completed on the issue of liability, the defendant Godard moved for a directed verdict. The court determined that the defendant Ringwald was negligent in his actions on the day in question, but found that the plaintiff failed to make a prima facie case of negligence and liability against the defendant Godard, and sustained the motion for a directed verdict.
Collins appeals. We reverse.
On March 27, 1976, Collins, while a passenger in the Ringwald vehicle, allegedly sustained permanent injuries when the *678 Ringwald car was struck by a vehicle driven by the defendant Godard. The accident occurred at the intersection of Courthouse Road and Commerce Street in Gulfport, Mississippi. The Godard vehicle was headed north as it approached the intersection. Ringwald was proceeding south and intended to make a left hand turn at the intersection. Both automobiles approached the intersection facing a green light. Prior to both vehicles entering the intersection the light changed from green to the yellow caution light.
Godard, called as an adverse witness, testified that he was driving at approximately thirty (30) miles per hour, the speed limit, when he reached the intersection. He and his wife were in the car and he had been drinking prior to the incident. As he approached the light he saw the yellow caution light appear. He did not observe any signal given by Mr. Ringwald indicating his intention to make a left hand turn. It had been raining all night and the roads were wet and slick. Godard, for fear of the possibility of sliding or skidding, made the determination to take his foot off the accelerator and pass through the yellow light. He testified that he could not avoid hitting the Ringwald automobile when it proceeded into his lane of traffic.
Ringwald testified that as he approached the intersection, planning to make a left hand turn, he stopped when he observed the Godard vehicle proceeding north on Courthouse Road. He then observed the lights on the Godard vehicle "kind of dip". He testified that when a car slows down its head lights will dip. Based on this he assumed that Godard was planning to stop for the yellow light and he himself proceeded on into the intersection to make a left hand turn. Although he testified he had the habit of putting on his turn signal he could not recall whether he put on his signal light prior to this incident. The Ringwald vehicle was approximately five (5) feet into Godard's lane when his automobile was struck.
Collins testified he suffered a severe injury to his neck when his head struck the top of the automobile upon impact. According to Collins, as the Ringwald vehicle approached the green light the light turned to yellow. Collins further testified that Ringwald was planning to make a left hand turn and indicated this by turning on his signal light. Although Ringwald attempted to stop his vehicle prior to impact, the car went into a slide and moved into the north bound lane where it was struck by the Godard vehicle.
The court in making its ruling referred to Mississippi Code Annotated § 63-3-309(2)(a) (1972) which states:
2. Yellow alone or "Caution" when shown following the green or "Go" signal.
(a) Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, but if such stop cannot be made in safety a vehicle may be driven cautiously through the intersection.
Based on this statute the trial court determined that there was no negligence on the part of Godard as he had the right to, and did cautiously proceed through the light. We are of the opinion that this was a question to be decided by the jury and the lower court erred in sustaining defendant Godard's motion for a directed verdict.[1]
The question of liability, i.e., whether Godard could, with reasonable safety, have stopped before entering the intersection, *679 and, if not, whether he proceeded with reasonable caution into the intersection, considering all the circumstances as they existed immediately prior to the accident, should have been submitted to the jury.
The fact that a collision occurred is not conclusive that Godard did not act with reasonable caution. That question must be determined from all the facts presented and objectively considered by a fair-minded jury. The test is whether Godard acted as a reasonable and prudent driver would have acted under the same or similar circumstances. Knapp v. Stanford, 392 So.2d 196, 199 (Miss. 1980) (quoted in Butler v. Lott Furniture Co. of McComb, 482 So.2d 1134, 1136 (Miss. 1986)). The evidence in opposition to the motion was of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment could differ as to the verdict. State Farm Bureau Mut. Ins. Co. v. Todd, 492 So.2d 919, 929 (Miss. 1986); Burnham v. Joseph, 482 So.2d 1151, 1152-53 (Miss. 1986); White v. Hancock Bank, 477 So.2d 265 (Miss. 1985). Therefore, the judgment of the Circuit Court is reversed and remanded for a new trial on the merits.
REVERSED AND REMANDED FOR A NEW TRIAL ON THE MERITS.
ROY NOBLE LEE and HAWKINS, C.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The rule on motions for directed verdicts and peremptory instructions is authoritatively stated in Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975), and restated in numerous other cases to-wit: Evans v. Journeay, 488 So.2d 797 (Miss. 1986); Mississippi Farm Bureau Mutual Insurance Co. v. Todd, 492 So.2d 919 (Miss. 1986); Rideout v. Knight, 463 So.2d 1042 (Miss. 1985); Jesco, Inc. v. Shannon, 451 So.2d 694 (Miss. 1984); Torabi v. J.C. Penney, Inc., 438 So.2d 1354 (Miss. 1983); Edwards v. Cleveland Food, Inc., 437 So.2d 56 (Miss. 1983); Woods v. Nichols, 416 So.2d 659 (Miss. 1982); Jordan v. First National Bank of Jackson, 402 So.2d 825 (Miss. 1981); Gee v. Hawkins, 402 So.2d 85 (Miss. 1981); Jarjoura v. Fred's One & Two Dollar Store, Inc., 370 So.2d 696 (Miss. 1979); O.J. Stanton and Company, Inc. v. Mississippi State Highway Commission, 370 So.2d 909 (Miss. 1979).