221 So.2d 104 (1969)
The GENERAL TIRE & RUBBER COMPANY
v.
Albert DARNELL.
No. 45283.
Supreme Court of Mississippi.
March 31, 1969.
Rehearing Denied April 21, 1969.
Butler, Snow, O'Mara, Stevens & Canada, Jackson, Threadgill & Smith, Columbus, for appellant.
Lipscomb, Barksdale, Steen & Caraway, Jackson, H.T. Carter, Billy Jordan, Columbus, for appellee.
*105 GILLESPIE, Presiding Justice:
This is an appeal from a judgment of the Circuit Court of Lowndes County in favor of plaintiff-appellee against defendant-appellant in a personal injury case. We hold that plaintiff's evidence failed to make a jury issue on the question of liability and the court should have sustained defendant's motion for judgment notwithstanding the verdict.
The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed.
Albert Darnell, plaintiff, and two other employees of Dill & Norris Sheet Metal & Heating Company were installing air *106 conditioning equipment on the premises of the General Tire & Rubber Company, the defendant. The installation work was being done on the second floor which was reached by an industrial or freight elevator of standard design. The doors of the elevator are metal and together weigh about twelve or fourteen hundred pounds. These doors are counterbalanced and are opened by pushing up on a handle on the upper door and closed by pulling downward on a strap attached to the upper door, which lowers the upper door and raises the lower door. There are two straps attached to the upper door, one on the inside for use within the elevator, and one on the outside for use in closing the doors upon leaving the elevator. Plaintiff and his co-employees used the elevator for two and one half days before plaintiff was injured. Plaintiff had operated the elevator several times each day. He knew that it was hard to get the doors started and that when they started closing they came together with a "bang." They worked easier at some times than they did at others. Plaintiff said the doors would hang, and that sometimes one man pulling on the strap would close the doors and at other times it would take two men to close them. At the time plaintiff was injured he and his two co-employees had placed in the elevator a piece of air conditioning equipment. One of his co-employees held the piece of equipment. Plaintiff stood facing the elevator doors and the other co-employee was to his left. According to plaintiff both of them took hold of the inside strap with both hands since the door was hanging and when it got loose "it came with such force it caught my right hand in between them two doors * * *" Plaintiff testified that he did not know what caused the door to hang or be hard to move but he said he knew it was not working right. Plaintiff testified that the door was simple to operate; that he knew when they pulled the strap that the doors would come together and that if his hand was between them it would be mashed. He could not give any reason for his hand being between the doors except that "it was an accident that my hand was caught in there." Plaintiff offered an expert mechanical engineer who testified, in his opinion, that if the doors were hard to pull, it could be due to either a misalignment of the tracks on which the door runs, lack of lubrication, or misalignment of the pulley of the linkage system between the two doors. Assuming that there was a defect in the doors that caused them to hang or be hard to get started, there is no evidence that this defect was the proximate cause of plaintiff's injuries. Why or how plaintiff's hand got between the doors is not explained, although plaintiff was repeatedly asked that question. Plaintiff's expert testified that once the doors of this type elevator get started, they move considerably easier.
In sum, the evidence favorable to plaintiff is sufficient to justify the jury in finding, (1) the elevator doors were hard to get started (there is no testimony that the doors hung after movement was started by pulling on the strap), (2) when they did start the doors moved easier and came together with a bang, (3) the doors had been hard to start for the two and a half days plaintiff and his co-employees had been working in defendant's building, (4) immediately before plaintiff was injured he was standing near and facing the door with both hands on the strap attached to the upper door, his right hand being above his left hand; at the same time plaintiff's co-employee had both hands on the strap; both were pulling hard on the door and when the doors started moving they came together fast and plaintiff's hand was caught between them, and (5) plaintiff did not intentionally place his hand between the doors. The uncontradicted testimony also established that (1) the elevator was manufactured by Otis Elevator Company and was standard equipment, (2) the doors were counter-balanced and weighed about 1,200 to 1,400 pounds, (3) the doors of elevators of this type move easier once the closing movement is started, (4) no specific defect in the elevator doors was shown, although *107 the fact that the doors were hard to get started could have been the result of misalignment of the tracks on which the doors run, lack of lubrication, or misalignment of the pulleys of the linkage system between the two doors, (5) plaintiff had operated the elevator doors for two and a half days and knew that the doors were hard to start, and he had made no complaint to anyone, (6) plaintiff knew that the act of himself and his co-employee in pulling on the strap would cause the doors to come together and that anything between the doors would be mashed, (7) plaintiff could not account for his hand being between the doors except to say it was not intentional and was accidental, and (8) plaintiff was a mature man and had operated other elevators of the same type.
Plaintiff was an invitee on the premises of the defendant. The owner or occupier of business premises owes business invitees the duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition. The owner of a business is not an insurer of invitees using the premises for business reasons, and there is no liability for injuries caused by conditions which are not dangerous or which are, or should be, known or obvious to the business invitee. The invitee is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances. Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss. 1967). If we assume that there was some causal connection between the condition of the elevator doors and plaintiff's injuries, there is no liability because the plaintiff actually knew that the elevator doors were hard to start and he knew that if he placed his hand between the doors he would be injured.
Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself. It is for this reason that it is so frequently held that reasonable care requires nothing more than a warning of the danger. Prosser, Law of Torts, 403, 404 (3rd ed. 1964)
There are exceptions to the rule just stated such as unreasonable risks of harm, but in the instant case there is no evidence to justify an exception. Plaintiff stated that the elevator was simple to operate; he knew how it operated; he knew it took a hard pull to get it started and that when it started it came together with a bang; and he knew that if he placed his hand between the doors he would be injured. We conclude therefore, that aside from the fact that it was not shown how or why his hand got between the doors, the defendant is not liable in this case. See First National Bank of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968).
Plaintiff failed to meet the burden of proof to show that the defendant maintained the elevator in such a defective condition that it could reasonably foresee that some injury would probably result from its use by business invitees, and that his injury was, in fact, the proximate result of defendant's negligence. Absent proof of causal connection between a defect in the elevator and plaintiff's injury, there was no issue for the jury. Neither the jury nor the court should supply the missing element of proof. The California court denied recovery for an injury sustained under similar circumstances. Street v. Glorence Building Co., 176 Cal. App.2d 191, 1 Cal. Rptr. 274 (1959).
We find it unnecessary to discuss several other assignments of error.
Reluctant as we are to disturb a finding of the jury, we conclude that plaintiff failed to establish that this injury was the result of negligence on the part of defendant. *108 The judgment is therefore reversed and one entered here for defendant.
Reversed and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.