SMITH, Justice.
Arthur L. Woodward, Sr., as plaintiff, brought an action against Wallace Bangs in the Circuit Court of Harrison County, demanding damages for personal injuries alleged to have been sustained in an automobile collision. Following a trial, the issues were submitted to a jury which returned a verdict for Bangs. Judgment was entered accordingly and Woodward appeals.
An examination of the testimony as it appears in the record reflects that the versions of Woodward and Bangs as to the circumstances and causes of the collision were in hopeless conflict and incapable of being reconciled. Woodward’s eyewitness account was opposed in all material particulars by that of Bangs and of the three other occupants of the Bangs automobile. Bangs’ version was also supported by testimony of two Mississippi Highway Safety Patrol Officers, who conducted the investigation following the collision, as to certain physical indicia found by them and *634 which tended to support Bangs as to the location of his automobile off the highway when it had been struck by the Woodward car.
Woodward said, in effect, that Bangs had backed his car onto the highway, at night, without lights, into the path of the Woodward automobile, thus causing the collision. The substance of Bangs’ testimony was that he was off of the highway, on the shoulder, with all lights burning when the Woodward car left the highway and struck his automobile in the rear.
Woodward complains that the verdict was against the weight of the evidence and that he was entitled to a directed verdict upon the issue of liability. However, it is clear from the record that the evidence preponderated the other way and fully justified the jury’s verdict for Bangs.
Also assigned as error requiring reversal is the action of the trial court in declining to give two jury instructions requested by appellant. These instructions must be considered in the light of the factual issues made by the evidence. So considered, neither should have been given, and the trial court’s action with respect to them was correct.
Accepting, as we must, the version of the facts in evidence most favorable to the appellee, it appears that the issues were submitted to the jury under proper instructions and that the jury’s verdict was supported by the evidence.
We have considered other matters assigned as error and find them to be without merit.
No reversible error is reflected by the record and the judgment appealed from must be affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and PATTERSON, JJ., concur.