354 So.2d 1109 (1978)
Etta CLAIBORNE
v.
Cecil GREER
No. 49924.
Supreme Court of Mississippi.
February 8, 1978.
Zuccaro, Riley, Pintard & Brown, J. Walter Brown, Jr., Natchez, for appellant.
Wise, Carter, Child, Steen & Caraway, Edward J. Currie, Jr., Jackson, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Etta Claiborne sued Cecil Greer in the Circuit Court of Claiborne County for personal injuries sustained in an automobile collision and, at the conclusion of all the evidence for both parties, the trial judge directed a verdict in favor of defendant. The sole question on this appeal is whether or not the court erred in granting the directed verdict.
The parties agree that the rule applicable to motions for directed verdicts at the conclusion of all the testimony and to requests for peremptory instructions is stated in Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652 (Miss. 1975), wherein the *1110 Court, in quoting from General Tire and Rubber Company v. Darnell, 221 So.2d 104 (Miss. 1969), said:
"`The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed. 221 So.2d at 105.'
The quotation above, we believe, expresses the better rule for a peremptory instruction or a judgment n.o.v. since it permits the court to examine the evidence of both parties that is not in conflict, as here, in order to reach a legal conclusion; or stated differently, the jury resolves conflicts of fact  the court resolves issues of law arising from nonconflicting facts." 319 So.2d at 657.
The only witnesses on the issue of liability were appellant, appellee, Wilber Archer, and Officer Rip McKwene. The evidence most favorable to appellant indicated that on February 20, 1976, she was driving her automobile in a northerly direction on Old Highway 61 and approached its intersection with Highway 547 which ran in an easterly-westerly direction. She halted the vehicle at a stop sign located near the intersection of the two highways. A high bank on the east side of Old Highway 61 obstructed her vision as to vehicles traveling west, and she drove the automobile to a point approximately three feet south of the south line of Highway 547 where she stopped again. Three automobiles passed on Highway 547 and appellee, driving a pickup truck in an easterly direction on Highway 547, ran off the south side of the said highway and into appellant's automobile, the right front of the pickup truck colliding with the left front of appellant's automobile. Appellant introduced in evidence nine (9) photographs of the scene. There were no photographs taken immediately after the collision and no physical evidence of the collision was shown.
Wilber Archer had been following appellant in his vehicle prior to the collision. He stopped behind appellant's automobile and was in that position when the collision occurred. Her automobile was knocked against the embankment on the east side of Old Highway 61 and on the south side of Highway 547. Archer did not observe any skid marks or debris on the highways.
Officer Rip McKwene testified for appellee that he arrived at the scene after the collision but before the vehicles had been moved, that he saw skid marks extending from a point in the eastbound lane of Highway 547 to the Greer truck, that there was debris in the eastbound lane and that appellant's vehicle was off the south shoulder of Highway 547 east of Old Highway 61 against the embankment. Appellee testified that appellant did not stop her vehicle and that she suddenly drove out into Highway 547 in his lane of traffic.
Appellee argues that there is no conflict in the physical facts presented by both parties and that such evidence conclusively proves that the collision did not occur in Old Highway 61, but on Highway 547. He cites Gunn v. Grice, 204 So.2d 177 (Miss. 1967) to the effect that where photographs and debris indicating the point of impact between two vehicles completely overwhelm differing oral testimony, the trial judge is justified in granting a peremptory instruction in favor of the party whose position is supported by the physical evidence. However, in the present case, there are no photographs showing the scene immediately after the collision, the position of the vehicles, skid marks and debris. Those facts appear in the record by oral testimony.
Appellant and appellee gave two entirely different versions as to how the collision occurred. Appellant is corroborated in part by Archer, the only other eyewitness. Some of the physical facts support the version of appellant. On this record, the trial court, applying the rule expressed in Paymaster Oil Mill Company v. Mitchell, supra, considering the evidence in the light most *1111 favorable to appellant, and disregarding any evidence on the part of appellee in conflict with that favorable to appellant, should have determined that such evidence constituted a question for the jury and should have overruled the motion for a directed verdict.
Here, the case was tried in its entirety, with nothing remaining except instructions, arguments of counsel and deliberation of the jury. We remind trial judges that, after cases have been heard, where there are close questions of fact and law, requests for directed verdicts and peremptory instructions should be denied. Often times juries return verdicts which agree with the thinking of the trial judge. After verdict, if the trial judge is of the opinion that he should have granted a motion for directed verdict or request for peremptory instruction, he may then sustain a motion for judgment n.o.v. In the event of an appeal to this Court, the matter probably could be resolved finally without the necessity and expense of another trial.
For the reasons stated, the case is reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.