375 So.2d 985 (1979)
McNAIR TRANSPORT, INC. and Lane Ward Rhodes
v.
Namon CROSBY.
No. 51412.
Supreme Court of Mississippi.
September 19, 1979.
Rehearing Denied October 31, 1979.
Holifield & Harper, Matthew Harper, Jr., Laurel, for appellants.
Pickering & McKenzie, Franklin C. McKenzie, Jr., Laurel, for appellee.
Before ROBERTSON, BROOM and COFER, JJ.
*986 BROOM, Justice, for the Court:
Additur and damages are the salient features of this case appealed here by McNair Transport, Inc. (McNair herein) and Lane Ward Rhodes (Rhodes herein), defendants below. Trial was in the Circuit Court, Second Judicial District, Jones County, Mississippi. The plaintiff (appellee, Namon Crosby) sued McNair and Rhodes for personal injuries received in an automobile accident. The jury returned a verdict in Crosby's favor for $35,000,[1] but the trial court on his motion granted a $20,000 additur (or new trial), making Crosby's award $55,000. We reverse and reinstate the jury verdict.
Crosby was injured in a vehicular accident which occurred September 10, 1975 on Interstate 20 in Rankin County. Crosby was driving his pickup truck in a westerly direction on I-20 when Rhodes (employee and agent of McNair), driving a large tractor-trailer truck, attempted to pass him. Rhodes' vision became obscured when the hood on the truck driven by him raised up. The vehicles collided causing Crosby permanent physical injuries and disability. When Crosby finished his mission in the Jackson, Mississippi area, he returned to Jones County, where he lived. Crosby then went to the hospital to be checked. Other facts will be discussed subsequently in this opinion.

DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN GRANTING CROSBY A NEW TRIAL ON THE QUESTION OF DAMAGES ONLY UNLESS THE DEFENDANTS ACCEPTED AN ADDITUR OF $20,000?
Mississippi Code Annotated § 11-1-55 (1972) is our statute permitting additurs.
As stated in Dorris v. Carr, 330 So.2d 872 (Miss. 1976), on appeal here we look with much favor and indulgence upon the action of a trial court in ordering a new trial unless an additur is entered. Our focus at the appellate level is upon the trial judge's action and not upon the jury's action. We reverse the trial judge only in the event we find that the trial judge manifestly abused his discretion. The test is, as stated by Lee, Justice, writing for the Court in Walton v. Scott, 365 So.2d 630 (Miss. 1978): Was the jury verdict so inadequate as to strike mankind at first blush as being beyond all measure, unreasonable and outrageous and such as to manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption.
At the time of the accident in question, Crosby was a cement finisher who stated that he had been earning between $700 and $800 a month after paying his expenses and help. He denied filing any income tax returns for the years 1975, 1976 and 1977. According to him, on account of his injuries, his net income after the accident became about half of what it was prior to being injured. His testimony was that immediately after the collision he had a ringing in his ears, and pain in the neck and shoulder region rendering him unable to do work as heavy as he had been doing. Upon returning to Jones County, Crosby stated that he was seen by some doctor at the Jones County Community Hospital and that he subsequently saw Dr. Applewhite and then Dr. Boone. Then on March 30, 1976, he saw Dr. Cook, a bone specialist in Meridian. It was Dr. Cook's testimony that Crosby's injuries resulted in a 50% to 75% occupational disability. Dr. Cook further testified that Crosby's injuries would be permanent in nature and would cause him to have continuing pain and suffering and would require him to limit his physical activities in the future.
Then in January, 1978, Crosby placed himself in the care of neurosurgeon Dr. Andy of Jackson, Mississippi, where he was hospitalized for tests at University Hospital. After conducting a number of tests on Crosby (including a myelogram), Dr. Andy performed a discogram by injecting dye into the suspected disc in Crosby's back. Dr. Andy concluded that Crosby had sustained *987 a ruptured disc in his neck. As to the future, Dr. Andy stated that he was not familiar with Crosby's occupation as a concrete finisher, but it was his opinion that Crosby's permanent partial disability would be somewhere between 10% and 25%
Revealed by the record are Crosby's expenses for medical care and treatment in the total sum of $1,991.23 and approximately $750 in damage to his truck. After the injury, his earnings were reduced from about $700 to $800 a month to about half that amount. His testimony is that after the injury he did mostly supervisory work as a cement finisher rather than taking on jobs and doing the work himself. At the time of the injury Crosby was a 47-year old male person with a third grade education having a life expectancy of 24.5 years and a work life expectancy of 18 years. In ordering the additur, the lower court found that:
[S]ome portions of the testimony respecting damages sustained by the plaintiff is susceptible to more than one interpretation, nevertheless, certain portions of such evidence was uncontradicted and susceptible to an interpretation favorable to the plaintiff.
As stated in Dorris v. Carr, supra, we should reverse the trial judge's ordering an additur only in the event that he manifestly abused his discretion. Although Crosby's established special damages were less than $3,000, the jury awarded him $35,000 which the trial judge's additur increased by approximately 57%. Applicable here is language taken from our decision written by Justice Jones in Biloxi Electric Co., Inc., et al. v. O.L. Thorn, 264 So.2d 404 (Miss. 1972).
[T]he decisive question in this case is whether appellant has shown that the trial court manifestly abused its discretion in granting a new trial... . It is manifest to us that the trial court abused its discretion in granting a new trial.
However, nothing said in this opinion is meant to infer that we look with disfavor upon the trial court ordering an additur in a proper case.
From our previous decisions, the well established rule is that favor and indulgence are to be accorded by us to the trial judge's action in ordering an additur or remittitur. Nevertheless, trial judges are to act with sound judicial discretion in deciding whether to order an additur or remittitur. Having these two principles in mind, we are to consider and weigh the action of trial judges in such instances on a case by case basis, according to the facts and circumstances revealed by the record. Careful study of this case causes us to conclude, though reluctantly, that the lower court exceeded the bounds of judicial discretion in ordering the additur. Accordingly, the jury verdict and judgment entered thereon will be reinstated.
REVERSED AND VERDICT OF JURY REINSTATED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] instructions granted authorized an award of punitive damages, the jury awarded only "actual damages."