417 So.2d 541 (1982)
MISSISSIPPI COAST COLISEUM COMMISSION
v.
STUART CONSTRUCTION CO., INC. and Martin Builder, Inc. D/B/A Stuart-Martin, a Joint Venture.
No. 53171.
Supreme Court of Mississippi.
July 14, 1982.
Rehearing Denied August 11, 1982.
Eldon L. Bolton, Jr., Gulfport, for appellant.
Brunini, Grantham, Grower & Hewes, William L. Smith, Frank E. Everett, Jr., Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
SUGG, Presiding Justice, for the Court:
A Harrison County jury rendered a verdict for the defendant, Mississippi Coast Coliseum Commission in Stuart-Martin's suit to recover $75,000 allegedly wrongfully *542 withheld from the contract price due them on the construction of the Coastal Coliseum and Convention Center. The trial judge granted Stuart-Martin's motion for a judgment notwithstanding the verdict and entered judgment for $75,000 plus interest and all costs. The Commission appealed to this Court seeking reinstatement of the jury verdict.
The issue presented on appeal does not require an extensive detailing of the evidence. The catalyst of this controversy was a noticeable discoloration of concrete poured for a concourse. The contract specified that all exposed concrete was to be "artichecturally finished" and matching in color. Without question, an otherwise structurally sound portion of the concourse did not match in color. Various remedial techniques were performed and the architects eventually recommended to the Commission that, rather than tear out the section, it accept the section with certain warranties. After taking the matter under advisement, the Commission decided not to follow the architects' recommendation and deducted $75,000[1] from the total contract price which was the estimated cost to remove and replace the discolored section. Stuart-Martin disagreed with the action of the Commission and brought suit to recover the $75,000 withheld.
In setting aside the jury verdict the trial judge first reasoned that the discoloration was a matter of "artistic effect" which, in turn, made operative section 2.2.9 of the contract which reads:
2.2.9 The Architect's decisions in matters relating to artistic effect will be final if consistent with the intent of the Contract Documents.
The final step in the circuit judge's analysis was that the architects accepted the work; hence, there was no question of fact to be submitted to the jury. We disagree.
Assuming arguendo that the matter of coloration was one of "artistic effect," we hold the trial judge erred when he ruled there was no question of fact to be submitted to the jury with respect to acceptance of the discolored portion by the architects.
The recommendation of the architects to the Commission was not an unequivocal "we accept," but a conditional acceptance. The contractor and cement manufacturer offered the Commission through the architects successive ten year warranties on the disputed section. Architect Proffer wrote the Commission, "We recommend that the Commission accept the warranties as submitted by the contractor and cement manufacturer." The other architect, Fountain, testified that the mistake was aesthetic, and he gave the contractor the opportunity to remedy it, and in his opinion the remedied section was aesthetically fine, and once the warranty given was given, it was acceptable both to him and to Mr. Proffer.
Voluminous testimony was taken on the reason for the discoloration and the efforts made to correct it. However, the fact remains that the architects' recommendation to the Commission that it accept the discolored portion was qualified and predicated on the warranty of the contractor and the cement manufacturer.
In numerous cases we have set forth the standards to be applied in determining whether a judgment notwithstanding the verdict of the jury should be granted. Gee *543 v. Hawkins, 402 So.2d 825 (Miss. 1981); Blackwell v. Dairyman, Inc., 369 So.2d 511 (Miss. 1979); Paymaster Oil Co. v. Mitchell, 319 So.2d 652 (Miss. 1975). In both Gee and Paymaster, we quoted with approval the following statement from General Tire and Rubber Co. v. Darnell, 221 So.2d 104 (Miss. 1969).
The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed. (221 So.2d at 105.)
In Paymaster, we commented on the quotation from Darnell as follows:
The quotation above, we believe, expresses the better rule for a peremptory instruction or a judgment n.o.v. since it permits the court to examine the evidence of both parties that is not in conflict, as here, in order to reach a legal conclusion; or stated differently, the jury resolves conflicts of fact  the court resolves issues of law arising from nonconflicting facts. (319 So.2d at 657)
Under the principles set forth in the cases cited above, the question of whether the architects accepted the discolored portion of the concourse unequivocally, or whether the acceptance was conditional was a factual issue properly placed before and decided by the jury. Consequently, we reinstate the jury verdict.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] The $75,000 was withheld pursuant to the provisions of 13.3.1 of the contract and Change Order No. 12 issued by the architects, both of which follow:

13.3.1. If the Owner prefers to accept defective or nonconforming work, he may do so instead of requiring its removal and correction, in which case a Change Order will be issued to reflect an appropriate reduction in the Contract Sum, or, if the amount is determined after final payment, it shall be paid by the Contractor.
Change Order No. 12.
You are directed to make the following changes in this Contract:
With reference to A.I.A. General Conditions of the Contract for Construction (A.I.A. Document A201), and with particular reference to Article 13, Paragraph 13.3. Acceptance of Defective or Non-Conforming Work, the contract sum shall be reduced Seventy-Five Thousand Dollars ($75,000.00) for the nonconforming concrete on the Southeast section of the exterior ramp.