BOWLING, Justice, for the Court:
Appellee Deposit Guaranty National Bank filed its suit in the Circuit Court of Franklin County against the appellants, Mike G. Jones, Bessie N. Jones and Douglas F. Jones, requesting what is commonly known as a deficiency judgment under an installment loan agreement executed by appellant Mike G. Jones at the time he purchased a Jeep vehicle from A-B Motor Company, Inc. of Natchez, Mississippi. The other two appellants are the parents of Mike Jones and signed the note and the installment payment agreement with their son.
The jury returned a verdict for appellants [defendants below]. On motion by appellee bank the trial court granted a judgment notwithstanding the verdict and entered a judgment for appellee bank in the amount of $2,479.00, representing the deficiency judgment requested, including interest. A brief discussion of the facts is necessary.
On April 22, 1980, appellant Mike G. Jones purchased the Jeep from A-B Motor Company, Inc. The financing was arranged with Deposit Guaranty National Bank’s branch office in Natchez and resulted in a debt of $9,368.64, payable in thirty-six monthly installments of $242.74 each. The retail installment contract was assigned by A-B Motor Company, Inc. to the bank. After making several payments, they were discontinued by Jones. The vehicle was repossessed by the bank on December 23, 1980, by- representatives of the bank securing the keys from the wife of Mike Jones. At the time the vehicle was parked in the Jones’ yard. Admittedly, the bank took proper and legal procedure in selling the repossessed vehicle to the highest bidder. *98 After the sale and after adjusting properly the amount due under the agreement, there remained a deficiency owed to the bank in the amount of $2,156.33. The bank brought suit against Jones and his parents for the deficiency balance.
Appellants answered the declaration and included an affirmative defense contending that the vehicle had become inoperative due to the excessive use of oil and that the seller had breached its warranty and had failed and refused to honor it although repeated demands were made on the seller to correct the problem with the vehicle.
On trial the appellee bank properly proved its deficiency judgment and properly verified the amount due under the assigned installment contract after the vehicle was repossessed and sold.
Appellant Mike G. Jones testified that after payments were stopped and prior to the vehicle being repossessed, he notified the bank of the problems with the vehicle. On one occasion he carried another person to the branch bank to see if the bank would permit that person to assume the contract and to see what he could do about the entire situation. The bank understandably denied the request as the person was a Texas resident.
Appellant Mike G. Jones testified that shortly after the Jeep was purchased it began blowing oil out through the hole where the oil check stick was located. He testified that the stick itself would be blown out and the oil would come out the hole vacated by the stick. He further testified that the vehicle would lose power and he assumed it was because of the oil situation. He further testified that he took the vehicle back to A-B Motor Company, Inc. complaining of the defects in the vehicle, including the blowing out of the oil and the fact that the oil pressure gauge always registered extremely low. The seller replaced the oil gauge on the oil system. Appellant testified nothing was done about the oil blowing out through the check stick hole and after the new oil gauge was installed, it still registered low engine oil pressure continually on the gauge.
Appellant testified that he took the vehicle to the seller on two or three occasions and that they did nothing further to remedy the oil blowing situation. He further testified that he became afraid to drive the Jeep to his work and bought an old ear to use and parked the Jeep in his yard. He testified the Jeep remained in his yard until it was repossessed. At the time he parked the Jeep, he stopped making the monthly payments. In the meantime, he had placed ads in the local paper trying to get someone to take the Jeep off his hands. He was not successful. He further testified he had some experience in mechanics, but was not a mechanic by profession. He stated, however, that he knew from practical experience that there was some type of back pressure in connection with the oil that pushed it out of the hole as stated above. He knew this back pressure was not supposed to be present in the motor of the vehicle. He stated that during this period of time, he rode in similar Jeeps owned by other people and none of them had the oil pressure problem he had encountered.
The law is well settled as to the duty of the lower court and this Court in passing on whether or not the losing party before a jury is entitled to a judgment notwithstanding the verdict. The Court is required to consider the evidence in the light most favorable to the party that received the verdict. If there are conflicts in the evidence, this should be resolved in favor of that party. Paymaster Oil Co. v. Mitchell, 319 So.2d 652 (Miss.1975); General Tire and Rubber Co. v. Darnell, 221 So.2d 104 (Miss.1969).
An analysis of the evidence as here-inabove stated reveals that the bank undoubtedly was entitled to a deficiency judgment barring valid legal defenses. Here an affirmative defense was made regarding the breach of warranty alleged by appellants. At the time of repossession, the vehicle was still well within the express warranty period. In reviewing the evidence regarding the breach of warranty, we are required to find that under the rulings *99 above stated, appellants’ testimony was sufficient for the jury to have found a breach of warranty.
The next question to be addressed is whether or not the appellants were entitled to their breach of warranty defense in the deficiency judgment suit by the bank. The law is clear that they were so entitled. Section 75-9-318 MCA (Supp.1980), styled “defenses against assignee ...” states as follows:
(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in Section 75-9-206, the rights of an assignee are subject to
(a) All the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and
(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.
The above statute was recognized by the bank in its form installment agreement furnished A-B Motor Company, Inc., obviously prepared by the bank as its name appears thereon. We find on the front page the following:
Any holder of this contract is subject to all claims and defenses which the customer could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery by the customer shall not exceed amounts paid by the customer hereunder.
The bank recognized its legal situation by requesting Instruction P-5. The instruction as given and presented to the jury is as follows:
The Court instructs the jury that the burden of proof is upon the defendants to establish by a preponderance of the evidence that the Jeep became inoperative due to excessive use of oil; that there was a breach of the warranty on the same by the failure of A-B Motor Company, Inc., to repair the Jeep and that this failure was the proximate cause of the defendants surrendering possession of the Jeep.
The conclusion is inescapable that there was sufficient evidence presented by the appellants for the jury to find, as they did find, that there was a breach of warranty by the seller A-B Motor Company, Inc. The jury found for the appellants — defendants below — under proper instructions. This finding could only have been based on the affirmative defense of breach of warranty. We therefore are required to find that the lower court was in error when it granted appellee bank a judgment notwithstanding the verdict. It is necessary that the cause be reversed and rendered and the jury verdict and judgment thereon for appellants be reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.