461 So.2d 751 (1984)
Glen MATTINA and Anthony Mattina, d/b/a a & G Enterprises
v.
Steve RODOLFICH, d/b/a Dixie Amusement Company.
No. 55275.
Supreme Court of Mississippi.
December 12, 1984.
Michael P. Collins, Michael F. Cavanaugh, Donald C. Dornan, Jr., Biloxi, for appellants.
Russell S. Gill, Biloxi, for appellee.
Before ROY NOBLE LEE, HAWKINS and SULLIVAN, JJ.
ROY NOBLE LEE, Justice, for the Court:
Steve Rodolfich, d/b/a Dixie Amusement Company, filed suit in the Circuit Court of Harrison County against Anthony Mattina and Glen Mattina, d/b/a A & G Enterprises, to collect nineteen thousand two hundred thirty dollars seventy-five cents ($19,230.75) on an account for the sale of eight (8) video games. At the conclusion of all the evidence, the lower court directed a verdict in favor of Rodolfich and the Mattinas have appealed here.
*752 The appellants have assigned three (3) errors in the trial below, but they all relate to the one question of whether or not the lower court erred in granting the directed verdict.
The appellants own two excursion boats which run from Biloxi to Ship Island and from Gulfport to Ship Island in the Mississippi Gulf Coast Sound. On April 7, 1982, they purchased four video games for installation on their boat operating out of Biloxi. Approximately one week later, they decided to purchase eight additional video games for installation on the Gulfport boat and possibly on Ship Island. The purchase price of those games was $19,230.75. Appellants were delivered three games on April 14, four on April 14, and one on April 16, 1982 (three separate invoices). A check in the full amount of the purchase price was delivered to appellee on April 21, 1982. Subsequently, the check was returned because of insufficient funds in the account upon which it was drawn. This suit for collection of the purchase price, together with interest and attorney's fees, followed.
The trial judge apparently was of the opinion that appellants had not pled their breach of contract defense and that the only question before the court to establish the appellant's defense were provisions of the Uniform Commercial Code, which were affirmatively pled by the appellants. In ruling on the directed verdict, he said:
BY THE COURT: I'm afraid I'd be taking a chance not to, Don. I think the Supreme Court would reverse it if I didn't give one. I don't like to make somebody pay for something that I feel like, I feel like the two Mattinas over here, I honestly feel like they don't owe it, and I'd hate to tell them that I think as a matter of law you do. I think that's what I've got to do. I think the Supreme Court would reverse me if I didn't do that. I don't think you've shown any defense to the matter. They gave you a check.
The appellants filed an answer to the complaint, denied that they owed the amount sued for and stated in Paragraph II thereof the following defense:
Defendants deny that the check referenced in paragraph II of the Complaint was given in payment but would show that it was given to the Plaintiff to hold until such time as the Defendants accepted the machines. Defendants would further show that the Plaintiff's attempt to negotiate said instrument prior to the approval of the Defendants was a breach of the agreement between the parties.
The affirmative defenses of the answer dealt with the UCC, but the defense of breach of contract was clearly set forth in Paragraph II of the answer.[1]
Prior to the trial on the merits, appellee filed a motion in limine which sought an order to preclude the appellants from introducing or attempting to introduce any statements, representations or understandings between appellants and appellee concerning the sale of the video machines which are the subject of this suit; specifically to preclude introduction of testimony that the check given as payment for the purchase price of the machines was to be held by the appellee until such time as the defendants allegedly accepted the machines, and that the plaintiff's attempt to negotiate said instrument prior to the approval of the appellants was an alleged breach of the agreement between the parties. Appellee's motion in limine was overruled by the lower court on October 5, 1982, prior to the trial on its merits.[2]
The appellants were permitted without objection to introduce evidence covering their principal defense in the case, viz, that they purchased the eight machines from appellee with the condition and understanding that they could try out the machines and determine whether or not the machines were satisfactory, and, if not, *753 appellants could return them to appellee. Likewise, their proof indicated that appellee agreed he would not negotiate the check for the purchase price until the Mattinas were satisfied with the machines. That evidence followed the defense stated in Paragraph II of the answer.
The lower court was of the opinion that the contract defense had not been pled. Although we hold that the contract defense was pled under Paragraph II of the answer, the attorneys for appellants immediately should have requested permission to amend their answer to conform with the proof, or the trial judge should have suggested that they amend to conform. Rule 15(b), Mississippi Rules of Civil Procedure, states:

Amendment to Conform to the Evidence. When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires. (Emphasis added)
In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975), which has been cited many times since the opinion was rendered, the Court, quoting from General Tire & Rubber Co. v. Darnell, 221 So.2d 104 (Miss. 1969), said:
"The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to the plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed. 221 So.2d at 105."
The quotation above, we believe, expresses the better rule for a peremptory instruction or a judgment n.o.v. since it permits the court to examine the evidence of both parties that is not in conflict, as here, in order to reach a legal conclusion; or stated differently, the jury resolves conflicts of fact  the court resolves issues of law arising from nonconflicting facts.
319 So.2d at 657.
We are of the opinion that the lower court erred in directing a verdict in favor of the appellee and, consequently, the case must be reversed and remanded for a new trial. We again note for the benefit of trial judges the statement made by this Court in Claiborne v. Greer, 354 So.2d 1109 (Miss. 1978), following:
Here, the case was tried in its entirety, with nothing remaining except instructions, arguments of counsel and deliberation of the jury. We remind trial judges that, after cases have been heard, where there are close questions of fact and law, requests for directed verdicts and peremptory instructions should be denied. Often times juries return verdicts which agree with the thinking of the trial judge. After verdict, if the trial judge is of the opinion that he should have granted a motion for directed verdict or request for peremptory instruction, he may then sustain a motion for judgment n.o.v. In the event of an appeal to this Court, the matter probably could be resolved *754 finally without the necessity and expense of another trial.
354 So.2d at 1111.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] See Rule 8(e)(2), Miss.Rules Civ.Proc.
[2] The trial judge who presided at the hearing on the motion in limine and entered the order was Honorable Kosta N. Vlahos. The presiding judge on the trial of the case on its merits was Honorable J. Ruble Griffin.