# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00406-SCT

*THORNELL COLEMAN AND THE SIMPSON COUNTY SCHOOL DISTRICT*

*v.*

*MICHAEL TRIPLETT, ETHEL TRIPLETT AND SHEILA GRAY, AS PARENT AND NATURAL GUARDIAN OF ASHLEY GRAY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/20/97 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOSEPH L. McCOY |
| | ROXANNE P. CASE |
| ATTORNEY FOR APPELLEES: | ROBERT L. WELLS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/7/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case arises out of a November 4, 1993, accident involving a school bus driven by Thornell Coleman and an automobile driven by Michael Triplett, with his mother Ethel Triplett and niece Ashley Gray riding as passengers. The two vehicles were traveling in opposite directions on Ella Walker Road in Magee, Mississippi. Each party claimed that the other crossed over the center line in the road into the other's lane. The result was a head-on collision, the front left of each vehicle striking the other. Ms. Triplett's hip was broken, and her C-2 vertebra in her neck was fractured, requiring her to wear a halo for three months. Ashley and Mr. Triplett each sustained minor injuries, and both vehicles were substantially damaged.

¶2. The Tripletts and Sheila Gray, Ashley's mother, filed their complaint against Coleman and the Simpson County School District on August 15, 1994, in the Simpson County Circuit Court. The defendants filed their answer and counterclaim on September 29, 1994, and the plaintiffs filed their answer to the

counterclaim on November 3, 1994. After holding a hearing on the matter on September 10, 1996, Circuit Court Judge Robert G. Evans found that Mr. Triplett was 65% negligent and that Mr. Coleman was 35% negligent in causing the accident. Coleman and the Simpson County School District appeal to this Court, arguing that there was insufficient evidence to support the trial court's decision. The appellees assert that the appeal is frivolous and request this Court to invoke Rule 38 of the Mississippi Rules of Appellate Procedure and award them attorney's fees and costs of appeal.

## STATEMENT OF THE LAW

### I.

### WHETHER THE TRIAL COURT'S CALCULATION OF NEGLIGENCE WAS SUPPORTED BY SUFFICIENT EVIDENCE IN THE RECORD.

¶3. The appellants maintain that the trial judge erred in finding them partially at fault, because the physical evidence all supports their position that Michael Triplett crossed the center line in the road. They contend that Mr. Triplett's negligence was the sole proximate cause of the accident.

¶4. The appellants point to Mississippi case law stating that physical evidence is afforded more weight than conflicting eyewitness testimony. "[W]here the photographs contradict the plaintiff's tenuous theory of an accident, the plaintiff's theory will not support a jury verdict." *Johnson v. City of Pass Christian*, 475 So.2d 428, 431 (Miss. 1985). *See also* *Gunn v. Grice*, 204 So.2d 177 (Miss. 1967); *Claiborne v. Greer*, 354 So.2d 1109, 1110-11 (Miss. 1978). The appellants also point to *Woodward v. Bangs*, 234 So.2d 633 (Miss. 1970), in which we held that the jury's verdict in favor of the defendant was supported by the evidence where the parties' versions of the events causing the collision were in "hopeless conflict," but the defendant's position was supported by the testimony of two Mississippi Highway Patrol officers who investigated the accident. *Woodward*, 234 So.2d at 633-34.

¶5. In this case, the testimony of the parties is completely at odds as to the cause of the collision, each side claiming that the other crossed the center line in the road. The appellees' theory was that Mr. Coleman was late picking up the children on his bus route on the morning of the accident, and was therefore traveling too fast around the curve of the road. The testimony of all three appellees placed the time of the wreck around 8:00 a.m., and Officer Tom Delancy's accident report supported their estimate. Also, Mr. Coleman's brother, M.C. Coleman, testified that Thornell was up after midnight the night before the accident drinking beer in their yard.

¶6. Mr. Coleman, on the other hand, testified that the wreck occurred between 6:30 and 6:45 a.m., as a result of the Triplett car's brakes locking up, causing it to cross the center line in the road and skid into his bus. He denied staying up late the night before and stated that he was only going about twenty to twenty-five miles per hour on the curve where the accident occurred. His estimate of the time of the wreck was corroborated by the testimony of Howard Weathersby, the Transportation Director of the Simpson County School District, and Jack McAlpin, Mendenhall High School principal and Mr. Coleman's boss at the time of the accident. Mr. Coleman's testimony that the bus remained on the proper side of the road was supported by Officer Delancy's findings at the accident scene, including a mark on the shoulder of the road indicating the position of the bus's right rear tire upon impact, damage to the bus's steering mechanism that would have prevented steering after impact, the bus's position off of the road upon his arrival at the scene, and the location of the majority of the wreck debris on the bus's side of the road. When Officer Delancy

questioned Mr. Triplett at the accident scene, Mr. Triplett told him that he applied his brakes when he saw the school bus come around the curve, his brakes locked up, and he skidded into the bus. Based upon his investigation, Officer Delancy concluded that the bus was clearly on its side of the road at the time of the collision.

¶7. A trial judge's "findings of fact on conflicting evidence cannot be disturbed by this Court on appeal unless we can say with reasonable certainty that these findings were manifestly wrong and against the overwhelming weight of the evidence." ***Richardson v. Riley***, 355 So.2d 667, 668 (Miss. 1978). *See also* ***Puckett v. Stuckey***, 633 So.2d 978, 982 (Miss. 1993).

> The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." ***Cotton v. McConnell***, 435 So.2d 683, 685 (Miss.1983) (*quoting* ***Culbreath v. Johnson***, 427 So.2d 705, 707-708 (Miss.1983)). That there may be other evidence to the contrary is irrelevant.

***Par Indus., Inc. v. Target Container Co.***, 708 So.2d 44, 47 (Miss. 1998).

¶8. As asserted by the appellants, the evidence presented at trial did support a finding that the Triplett car was the vehicle which crossed the center line in the road causing the accident here. However, there was also sufficient credible testimony to find that Mr. Coleman was speeding, because he was running late on the morning in question. Mr. Coleman's speed could have been a contributing cause to the severity of the accident, making him jointly liable for the plaintiffs' injuries. As a result, we find that the judge's calculation of the percentage of negligence attributable to each party was not manifestly wrong or against the overwhelming weight of the evidence.

## II.

### WHETHER APPELLEES ARE ENTITLED TO COSTS AND ATTORNEY'S FEES UNDER RULE 38.

¶9. The appellees request this Court to award them attorney's fees and costs of appeal under Rule 38 of the Mississippi Rules of Appellate Procedure. Under the facts of this case, there was a legitimate question as to the amount of negligence attributable to each party. We therefore hold that the appellants' appeal is not frivolous and does not warrant imposition of Rule 38 sanctions.

### CONCLUSION

¶10. The appellants are correct in their assertion that the evidence presented at trial supported a finding that the collision was caused by Michael Triplett crossing the center line in the road. However, because there was also sufficient evidence showing that Mr. Coleman may have been running late and speeding, we find that the trial judge's findings of negligence by both parties was not manifestly wrong or against the overwhelming weight of the evidence.

¶11. **AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**