**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-60534
USDC No. 1:97-CV-259-BrR
Summary Calendar

_____

CHARLES MORK,

Plaintiff-Appellee,

versus

INGALLS SHIPBUILDING, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

February 23, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Ingalls Shipbuilding, Inc. ("Ingalls") appeals the district court's denial of its motion for judgment as a matter of law or for a new trial. Finding a legally sufficient evidentiary basis to support the jury verdict, we affirm.

Plaintiff-appellee Charles Mork ("Mork"), an employee of Lockheed Martin, sued Ingalls for injuries he sustained while monitoring the delivery of eight Lockheed Martin VLS modules to Ingalls pursuant to a Navy contract. Mork was struck by a gantry crane when he crossed the track in front of the crane while it was transporting the eighth VLS module from a truck to the VLS stand. As a result of the accident, Mork suffered injuries to his foot.

At trial, Ingalls moved for a judgment as a matter of law ("JML") under Federal Rule of Civil Procedure 50 both at the conclusion of Mork's case and at the end of the jury trial. The jury

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

returned a verdict for the plaintiff, finding Mork 65% at fault and Ingalls 35% at fault. After the trial court denied Ingalls' JML motion and entered judgment in favor of Mork, Ingalls renewed its motion for JML or, in the alternative, for a new trial. The district court denied that motion, finding that sufficient evidence existed such that reasonable jurors could differ as to whether Ingalls had satisfied its duty of reasonable care owed to Mork. On appeal, Ingalls only challenges the court's denial of judgment as a matter of law.

We review the denial of a motion for JML *de novo*, applying the same standard as the district court. *See Nichols v. Lewis Grocer*, 138 F.3d 563, 565 (5th Cir. 1998). "A JML is appropriate if the 'facts and inferences point so strongly and overwhelmingly in favor of one party that a reasonable jury could not have concluded' as the jury did." *Reeves v. Sanderson Plumbing Products, Inc.*, 197 F.3d 688, 691 (5th Cir. 1999) (internal citation omitted). Applying this standard here, we should reverse the district court only if there is no sufficient evidentiary basis for finding that Ingalls breached its duty of care to Mork. *See id.*

On appeal, Ingalls contends that the district court erred in denying its motion for JML because the evidence demonstrated that Ingalls satisfied its duty to Mork to "make the work site reasonably safe or warn." Under Mississippi law, a premises owner owes an invitee the duty to "keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view." *Little v. Bell*, 719 So.2d 757, 760 (Miss. 1998). In *Hoffman v. Planters Gin Co., Inc.*, 358 So.2d 1008 (Miss. 1978), however, the Mississippi Supreme Court created an exception to the duty typically owed invitees: "[T]he premises owner is liable for injury proximately caused by his affirmative or active negligence in the operation or control of a business which subjects either licensee or invitee to unusual danger, or increases the hazard to him, when his presence is known . . . ." *Id.* at 1013. Where the "Hoffman exception" applies, the standard of care becomes that of ordinary and reasonable care. *See id.*

We agree with the district court that the facts of this case place it within the Hoffman exception, and that the court was correct in submitting the issue of liability to the jury under that

-2-

theory. *See Saucier v. Biloxi Regional Med. Ctr.*, 708 So.2d 1351, 1356 (Miss. 1998) ("To fall within the Hoffman exception, there must be evidence that the landowner (1) was aware of the licensee's presence on the premises, and (2) engaged in affirmative or active negligence in the control or operation of activities on the premises.") It is uncontested that Ingalls was aware that Mork was on the premises at the time of the accident. Additionally, an Ingalls employee—the gantry crane operator—was actively operating the crane at the time of the accident. *See Davis v. Illinois Central Railroad Co.,* 921 F.2d 616, 619 (5th Cir. 1991) (concluding that metal blades that revolve on an auger constitute active hazards while conditions upon the premises are passive hazards).[1]

Having determined that the Hoffman exception applies, the issue becomes whether Ingalls satisfied its duty of ordinary and reasonable care. Reasonable care requires Ingalls to exercise "that degree of care and prudence that a person of normal intelligence would exercise under the same or similar circumstances." *See Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1350 (Miss. 1995) (citing *General Tire & Rubber co. v. Darnell*, 221 So.2d 104, 107 (Miss. 1969). The question here is whether Ingalls exercised reasonable care when moving the gantry crane down the tracks so as to prevent injury to those on the premises.

Ingalls clearly did have safety equipment—including yellow lines around the crane tracks, warning bells, and flashing lights—in place to warn workers of the movement of the gantry crane. The testimony presented at trial also indicates that Ingalls had a policy of sending a rigger out both to signal the gantry crane operator to start moving and to clear any employees off of the crane tracks. However, while several employees testified that this equipment was functioning at the time of the accident, others testified that they could not recall hearing warning bells or seeing flashing lights at that time. More significantly, Mork's fellow employee testified that no Ingalls rigger cleared workers

---

[1]     Ingalls' argument that it did not subject Mork to "unusual danger or increased hazard" because Mork both had actual knowledge of and was warned about the danger of the crane, is without merit. Under *Hoffman,* the "premises owner is liable for injury proximately caused by his affirmative or active negligence in the operation or control of a business which subjects either licensee or invitee to unusual danger" *See Hoffman*, 358 So.2d at 1012. It is the negligence in operation or warning—not the mere existence of a potentially dangerous object—that subjects the licensee or invitee to unusual danger. *See id.*; *see also Little*, 719 So.2d at 760.

off of the tracks prior to the crane's operation. Additionally, there was disputed testimony as to whether the crane operator engaged the crane prior to receiving a signal from the rigger. Whether or not the facts indicate negligence on the part of the crane operator or inadequate warnings were questions for the jury. *See Mississippi Power & Light Co. v. Lumpkin,* 725 So. 2d 721, 728 (Miss. 1998). The evidence presented provided a legally sufficient basis for a reasonable jury to find

that Ingalls did not satisfy its duty of care owed Mork.[2] Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Testimony that Mork (1) paused on the tracks to light a cigarette and (2) had actual knowledge through prior work experience of the dangers and operation of the crane does not negate Ingalls' liability. *See Mississippi Power & Light Co. v. Lumpkin*, 725 So.2d 721, 728 (Miss. 1998) (finding the duty of the defendant to exercise reasonable care is not "obviated by the failure of the injured party or another to exercise such care unless it is determined by the factfinder that the latter's conduct was the sole proximate cause of the injury"). As made clear by its apportionment of fault, the jury did not conclude that Mork's actions were the sole proximate cause of his injury.