THOMAS, J.,
for the court.
¶ 1. Atlas Corporation sued Murray Envelope Corporation for breach of contract and a jury awarded Atlas $210,000. Aggrieved Murray asserts the following:
I. THE PLAINTIFF DID NOT PRESENT ANY EVIDENCE THAT THE CONTRACT IN ISSUE WAS RENEGOTIATED TO CONTINUE BEYOND THE OCTOBER 1986 DATE OF TERMINATION SPECIFIED IN THE CONTRACT.
II. THE PLAINTIFF DID NOT MAKE OUT A CLAIM FOR LOST PROFITS SIMPLY BY SHOWING THAT ATLAS INCOME DECREASED OVER A PERIOD OF THREE YEARS.
III. THE VERDICT OF THE JURY WAS SO CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AND UNRESPONSIVE TO THE INSTRUCTIONS GIVEN BY THE COURT AS TO JUSTIFY A NEW TRIAL.
*428 FACTS
¶ 2. In 1981, Lamar Hurt and Atlas Corporation, a corporation owned solely by Hurt, entered into a verbal contract with Murray Envelope Corporation whereby Atlas would fold envelopes produced by Murray using Hurt’s patent/design process rights through a licensing agreement. Hurt moved his family and his company to Hattiesburg as a consequence of this contract, where his company began to fold envelopes. In 1983 this contract was finally put to writing which took the form of two separate documents. One was a contract to fold envelopes and the other a licensing contract allowing Murray the right to produce envelopes using Hurt’s patented design. The licensing agreement provided Murray with the right to cancel its license at will. The folding contract stated Atlas would fold all patented report pocket envelopes that Murray sold under the licensing agreement. The folding contract provided for a three year commitment during which Atlas would fold not only the report pocket envelopes, which would fall under Hurt’s patent, but also “jumbo flat” and sycom file folders. This folding contract provided manufacturing quotas, guaranteed yearly payments and prices of individual items for the three years of mandatory payment under the contract.
¶ 3. In the first appeal of this case, this Court reversed the trial judge’s grant of summary judgment in Murray’s favor finding that Atlas should have been able to amend its pleadings under M.R.C.P 15. Atlas Envelope Corp. v. Murray Envelope Corp., 687 So.2d 795 (Miss.Ct.App.1996). This Court determined that Murray’s initial summary judgment motion was a motion for judgment on the pleadings which allows a respondent an opportunity to amend the pleadings to cure any defects. Atlas was allowed to amend the pleadings and provide evidence regarding the formation of a new contract which was necessary to find that Murray was in breach of contract.
¶ 4. Atlas amended its complaint to continue on to trial. Atlas never proffered anything to prove that the folding contract was renegotiated to extend past the three year period stated in the 1983 contract. The trial court refused to grant a directed verdict and the jury awarded Atlas $210,000. Atlas’ motion for a judgment notwithstanding the verdict was denied.
ANALYSIS
¶ 5. The ultimate issue in the case at bar is whether Murray had a duty to Atlas under a renegotiated contract. In order to have an obligation under a contract there must first be a contract. It is paramount to determine whether a contract existed between Murray and Atlas regarding the subject matter in the 1983 contract which would make any agreement from the end of the 1983 contract a renegotiated contract.
¶ 6. On appeal, “the standard of review for denial of a judgment not withstanding the verdict (J.N.O.V.) and a directed verdict are identical.” American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). See Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993). Whether to grant a directed verdict is a decision of law. Fox v. Smith, 594 So.2d 596, 603 (Miss.1992). M.R.C.P. 50(a) provides:
Motion for Directed Verdict: When Made; Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted without having reserved the right to do so and to the same extent as if the motion had not been made. A motion for a directed *429 verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specifíc grounds thereof. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
(emphasis added).
¶ 7. In McKinzie v. Coon, 656 So.2d 134, 137 (Miss.1995), the Supreme Court stated M.R.C.P. 50 requires the trial court to take a case from a jury and grant a directed verdict if any verdict other than the one directed would be erroneous as a matter of law. The comment to the Rule instructs the trial court to look “solely to the testimony on behalf of the opposing party; if such testimony, along with all reasonable inferences which can be drawn therefrom, could support a verdict for that party, the case should not be taken from the jury.” Kussman v. V. & G Welding Supply, Inc., 585 So.2d 700, 702 (Miss.1991). In considering a motion for a directed verdict, this Court must consider whether the “evidence in opposition to the motion was of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment could differ as to the verdict.” Collins v. Ringwald, 502 So.2d 677, 678 (Miss.1987). If the evidence is so overwhelmingly in favor of the appellant that reasonable persons could not have reached a different verdict, this Court must reverse. Harrison v. McMillan, 828 So.2d 756, 764 (¶ 24) (Miss.2002); Strong v. Nicholson, 580 So.2d 1288, 1292 (Miss.1991).
¶ 8. This is one of those times the trial court should have taken the case from the jury. At no point in the trial was even a scintilla of evidence presented to support the existence of a renegotiated contract. At the end of the three year 1983 contract, by Atlas’ own omissions, annual price negotiations were held which were inconsistent with the 1983 contract. Mr. Hurt testified that after the three years provided in the contract Atlas and Murray continued to have business dealings and they negotiated price each year and nothing else. There was no mention of mandatory time; it was a series of at-will agreements. If any essential terms are left unresolved, then no contract exists. Buscking v. Griffin, 465 So.2d 1037, 1040 (Miss.1985). A valid contract must include the following essential elements: “(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation.” Lanier v. State, 635 So.2d 813, 826 (Miss.1994).
¶ 9. While business continued, it was continued under no contract. Atlas was provided the opportunity under law to amend the pleadings and present evidence to show a contract existed. It failed to do so. We are compelled to reverse and render. Review of the issues on an individual basis is not required.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND RENDERED. COSTS ARE TAXED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION.